1. Holly Arlena Vaughan

2. hollyvaughan93@gmail.com

3. 2338 Kipana Avenue, Ventura, California, 93001

4. 8058610165

5. Plaintiff in Pro Se

6.

7. **United States District Court**

8. **Central District of California**

Holly Arlena Vaughan,

9. Case No.: CV23-7951-CBM(MARx)

          Plaintiff

10. COMPLAINT FOR:

11. Vs.

BREACH OF CONTRACT

Flagstar Bancorp, Incorporated,

12.

          Defendant

13. Jury Trial Demanded: __Yes ✓No

14.

15. **I. JURISDICTION**

16.     1. This Court has jurisdiction under 28 U.S.C. § 1331. Federal

17. question jurisdiction arises pursuant to 12 U.S. Code § 411, 12 U.S. Code §

18.

19. 412, 12 U.S. Code § 504, and 18 U.S. Code § 1344.

20.

21. **II. VENUE**

22.

23.     2. Venue is proper pursuant to 28 U.S.C § 1391 because the events

24. giving rise to this complaint happened in this district.

25.

26. **III. PARTIES**

27.

28.     3. Plaintiff Holly Arlena Vaughan resides at 2338 Kipana Avenue,

Ventura, CA 93001.

1

4. Defendant is a corporation registered in Michigan and is authorized to do business in California. Defendant's agent for service in California is located at 2710 Gateway Oaks Drive, Sacramento, CA 95833.

## IV. STATEMENT OF FACTS

5. The parties have been in a mortgage contract for the property located at 2338 Kipana Avenue, Ventura CA 93001 since July 1st, 2021. The defendant acted as the assumed owner of the mortgage contract and required the plaintiff to make monthly cash payments of $2,012.56. However, on August 8th, 2023, the plaintiff came forth as the owner of the contract and instructed the defendant to use the provided bill of exchange to accept and transfer the credits to satisfy the remaining balance of the principal's account. The defendant failed three times to perform the necessary fiduciary duties to settle the account.

6. Pursuant to 12 U.S. Code § 504, the plaintiff gave an opportunity to cure after the first non-performance by the defendant and gave a notice of default after the second non-performance by the defendant. This matter is being brought to litigation because of breach of contract by the defendant. The defendant failed to perform fiduciary duties three times and knowingly attempted to obtain funds by means of fraudulent pretenses resulting in the defendant paying under duress.

2

7. The sequence of correspondence is as follows:

8. On August 4th, 2023 the plaintiff notified the defendant that the plaintiff accepts all rights, titles, interest, and equity owed to the principal and instructed the defendant to apply the principal's balance to the principal's account for set-off. The plaintiff included the following documents within this notice:

- Federal Reserve Act Section 16 with paragraphs 1 and 2 highlighted (12 U.S. Code § 411 and 12 U.S. Code § 412) [Exhibit A]

- An endorsed bill of exchange for account number 441069214 in the amount of $371,083.61 [Exhibit C]

- A notarized tender of payment titled, "Notice of Claim of Credit" [Exhibit D]

- A certified copy of Durable Power of Attorney for HOLLY ARLENA VAUGHAN [Exhibit E]

- The birth certificate for HOLLY ARLENA VAUGHAN

This notice was sent via certified mail with a notarized Certificate of Service [Exhibit F]. The packet of documents arrived on August 8th, 2023 per USPS tracking [Exhibit G].

9. The defendant did not respond or perform within 5 business days of receiving the notice.

10. On August 15th, 2023, the plaintiff notified the defendant a second time that the plaintiff accepts all rights, titles, interest, and equity owed to the principal, and instructed the defendant to apply the principal's balance to the principal's account for set-off, and to release the lien on the property immediately. The second notice included the following documents:

- Federal Reserve Act Section 16 with paragraphs 1 and 2 highlighted (12 U.S. Code § 411 and 12 U.S. Code § 412) [Exhibit A]

- Federal Reserve Act Section 29 (12 U.S. Code § 504) [Exhibit B]

- A copy of the original endorsed bill of exchange for account number 441069214 in the amount of $371,083.61 [Exhibit C]

- A notarized tender of payment titled, "Notice of Default and Opportunity to Cure" [Exhibit H]

- A copy of the certified mail receipt for the first notice that was delivered on August 8th, 2023 [Exhibit G]

The second notice was sent via certified mail with a notarized Certificate of Service [Exhibit I]. The packet of documents arrived on August 21st, 2023 per USPS tracking [Exhibit J].

11. On August 21st, 2023 the defendant replied to the second notice. The defendant's reply stated, "Flagstar does not recognize or accept this attempt to satisfy your outstanding mortgage debt; therefore, no additional action can be taken regarding your request to satisfy your loan. We encourage you to continue making your monthly payment as agreed." [Exhibit K]

12. On August 28th, 2023 the plaintiff notified the defendant a third time that the plaintiff accepts all rights, titles, interest, and equity owed to the principal, and instructed the defendant to apply the principal's balance to the principal's account for set-off, and to release the lien on the property immediately. The third notice included the following documents:

- Federal Reserve Act Section 16 (12 U.S. Code § 411 and 12 U.S. Code § 412) [Exhibit A]

- Federal Reserve Act Section 29 (12 U.S. Code § 504) [Exhibit B]

- A copy of the original endorsed bill of exchange for account number 441069214 in the amount of $371,083.61 [Exhibit C]

- A notarized tender of payment titled, "Notice of Default" [Exhibit L]

- A copy of the certified mail receipt for the first notice [Exhibit G]

- A copy of the certified mail receipt for the second notice [Exhibit J]

The third notice was sent via certified mail with a notarized Certificate of Service [Exhibit M]. The packet of documents arrived on September 1st, 2023 per USPS tracking [Exhibit N].

13. The defendant did not respond or perform within 5 business days of receiving the third notice.

14. On September 6th, 2023 the plaintiff filed a complaint with the Office of the Comptroller of Currency [Exhibit O] pursuant to 12 U.S. Code § 504(e) due to lack of performance of fiduciary duties and acts of dishonor by the defendant.

## V. CAUSE OF ACTION

### Claim I

Breach of Contract pursuant to 12 U.S. Code § 412 and 12 U.S. Code § 504

15. The defendant failed to perform fiduciary duties. The defendant is in violation of 12 U.S. Code § 411, 12 U.S. Code § 412, and 12 U.S. Code § 504 for failure to utilize the bill of exchange provided by the plaintiff to satisfy the account. The defendant was given instructions three times to apply the principal's balance to the principal's account for set-off. As a result of this non-performance, and violation of the contract, the defendant is withholding the plaintiff's securities and forcing plaintiff to pay a monthly cash payment.

## Claim II

### Breach of Contract and Bank Fraud pursuant to 18 U.S. Code § 1344

16. The defendant did not utilize the legitimate bill of exchange provided by the plaintiff and encouraged the plaintiff to keep making cash payments even though the plaintiff came forth as the owner of the account to satisfy the remaining balance in the principal's account. The defendant did not release the lien on the property thus forcing the plaintiff to make monthly cash payments. This is causing the plaintiff to make monthly payments under duress. This is knowingly fraudulent activity by the defendant per 18 U.S. Code § 1344.

18 U.S. Code § 1344 - Bank fraud

Whoever knowingly executes, or attempts to execute, a scheme or artifice—

(1) to defraud a financial institution; or

(2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;

shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

## VI. REQUEST FOR RELIEF

WHEREFORE, the plaintiff requests:

a) The defendant applies the principal's balance to the principal's account for set-off

b) The deed of reconveyance for the property located at 2338 Kipana Avenue, Ventura, CA 93001

c) $1,000,000 paid by the defendant to the plaintiff for knowingly attempting to execute a scheme to obtain funds from the plaintiff by means of fraudulent pretenses per 18 U.S. Code § 1344

d) Payment in the amount of $350,000 for plaintiff's time spent on this complaint per fee schedule provided by plaintiff

e) And for such other relief as the court may deem just and proper.

Dated: 09/22/2023

Sign: Holly Arlena Vaughan

# Vaughan, Holly Arlena

Attorney-in-fact for HOLLY ARLENA VAUGHAN

c/o 2338 Kipana Avenue
Ventura CA, 93001

# INVOICE

**INVOICE:** 0069
**DATE: 09/22/2023**

**TO:**

Flagstar Bancorp, Inc
2710 Gateway Oaks Dr
Sacramento, CA 95833

**FOR:**

Services and Damages

| DESCRIPTION | HOURS | RATE PER HOUR | AMOUNT |
|---|---|---|---|
| Studying | 10 | 5,000 | 50,000.00 |
| Analyzing | 10 | 5,000 | 50,000.00 |
| Preparing Documents | 5 | 5,000 | 25,000.00 |
| Preparing Documents while under duress | 30 | 7,500 | 225,000.00 |
| | | | |
| Violation of rights per 18 USC 1344 | | | 1,000,000.00 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | TOTAL | 1,350,000.00 |

Make all checks payable to Holly Arlena Vaughan
Total due within 15 days of case ruling.

9

Vaughan, Holly Arlena

Attorney-in-fact for HOLLY ARLENA VAUGHAN

c/o 2338 Kipana Avenue

Ventura, CA 93001

## Litigation Fee Schedule

| | Services | Rate per hour* |
|---|---|---|
| 1. | Studying | $5,000.00 |
| 2. | Studying while under threat, duress, coercion | $7,500.00 |
| 3. | Analyzing | $5,000.00 |
| 4. | Analyzing while under threat, duress, coercion | $7,500.00 |
| 5. | Research | $5,000.00 |
| 6. | Research while under threat, duress, coercion | $7,500.00 |
| 7. | Preparing Documents | $5,000.00 |
| 8. | Preparing Documents while under threat, duress, coercion | $7,500.00 |
| 9. | Providing Information | $5,000.00 |
| 10. | Providing Information while under threat, duress, coercion | $7,500.00 |

* All claims are stated in US Dollars which means that a US Dollar will be defined, for this purpose as a One Ounce Silver Coin of .999 pure silver or the equivalent par value as established by law or the exchange rate, as set by the US Mint, whichever is the higher amount, for a certified One Ounce Silver Coin (US Silver Dollar) at the time of the first day of default as set forth herein; if the claim is to be paid in Federal Reserve Notes, Federal Reserve Notes will only be assessed at Par Value as indicated above.

** Fees due within fifteen (15) days of case ruling.

Date: 09/22/2023

By: Holly Arlena Vaughan

---

A notary public or other officer completing this certificate verifies only the identity of the individual(s) who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

VENTURA COUNTY
STATE OF CALIFORNIA, ss:

On 9/22/2023 before me, Cynthia Marlene Soriano , personally appeared **HOLLY ARLENA VAUGHAN**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____ (Notary Seal)
Signature of Notary Public

CYNTHIA MARLENE SORIANO
Notary Public - California
Ventura County
Commission # 2369226
My Comm. Expires Dec 3, 2025

1

10

Exhibit A

# Federal Reserve Act

## Section 16. Note Issues

### 1. Issuance of Federal Reserve notes; nature of obligation; where redeemable

Federal reserve notes, to be issued at the discretion of the Board of Governors of the Federal Reserve System for the purpose of making advances to Federal reserve banks through the Federal reserve agents as hereinafter set forth and for no other purpose, are hereby authorized. The said notes shall be obligations of the United States and shall be receivable by all national and member banks and Federal reserve banks and for all taxes, customs, and other public dues. They shall be redeemed in lawful money on demand at the Treasury Department of the United States, in the city of Washington, District of Columbia, or at any Federal Reserve bank.

[12 USC 411. As amended by act of Jan. 30, 1934 (48 Stat. 337). For redemption of Federal reserve notes whose bank of issue cannot be identified, see act of June 13, 1933.]

### 2. Application for notes by Federal Reserve banks

Any Federal Reserve bank may make application to the local Federal Reserve agent for such amount of the Federal Reserve notes hereinbefore provided for as it may require. Such application shall be accompanied with a tender to the local Federal Reserve agent of collateral in amount equal to the sum of the Federal Reserve notes thus applied for and issued pursuant to such application. The collateral security thus offered shall be notes, drafts, bills of exchange, or acceptances acquired under section 10A, 10B, 13, or 13A of this Act, or bills of exchange endorsed by a member bank of any Federal Reserve district and purchased under the provisions of section 14 of this Act, or bankers' acceptances purchased under the provisions of said section 14, or gold certificates, or Special Drawing Right certificates, or any obligations which are direct obligations of, or are fully guaranteed as to principal and interest by, the United States or any agency thereof, or assets that Federal Reserve banks may purchase or hold under section 14 of this Act or any other asset of a Federal reserve bank. In no event shall such collateral security be less than the amount of Federal Reserve notes applied for. The Federal Reserve agent shall each day notify the Board of Governors of the Federal Reserve System of all issues and withdrawals of Federal Reserve notes to and by the Federal Reserve bank to which he is accredited. The said Board of Governors of the Federal Reserve System may at any time call upon a Federal Reserve bank for additional security to protect the Federal Reserve notes issued to it. Collateral shall not be required for Federal Reserve notes which are held in the vaults of, or are otherwise held by or on behalf of, Federal Reserve banks.

[12 USC 412. As amended by the acts of Sept. 7, 1916 (39 Stat. 754); June 21, 1917 (40 Stat. 236); Feb. 27, 1932 (47 Stat. 57); Feb. 3, 1933 (47 Stat. 794); Jan. 30, 1934 (48 Stat. 338); March 6, 1934 (48 Stat. 991); June 30, 1941 (55 Stat. 395); May 25, 1943 (57 Stat. 85); June 12, 1945 (59 Stat. 237); June 19, 1968 (82 Stat. 189); Nov. 10, 1978 (92 Stat. 3672); March 31, 1980 (94 Stat. 140); Dec. 6, 1999 (113 Stat. 1638); and Oct. 28, 2003 (117 Stat. 1193).]

### 3. Distinctive letter on notes; destruction of unfit notes

Federal Reserve notes shall bear upon their faces a distinctive letter and serial number which shall be assigned by the Board of Governors of the Federal Reserve System to each Federal Reserve bank. Federal Reserve notes unfit for circulation shall be canceled, destroyed, and accounted for under procedures prescribed and at locations designated by the Secretary of the Treasury. Upon destruction of such notes, credit with respect thereto shall be apportioned among the twelve Federal Reserve banks as determined by the Board of Governors of the Federal Reserve System.

[12 USC 413. As amended by acts of June 21, 1917 (40 Stat. 236); Jan. 30, 1934 (48 Stat. 338); June 12, 1945 (59 Stat. 237); July 19, 1954 (68 Stat. 495); March 3, 1965 (79 Stat. 5); May 20, 1966 (80 Stat. 161); and March 18, 1968 (82 Stat. 50).]

#### 4. Granting right to issue notes

The Board of Governors of the Federal Reserve System shall have the right, acting through the Federal Reserve agent, to grant in whole or in part, or to reject entirely the application of any Federal Reserve bank for Federal Reserve notes; but to the extent that such application may be granted the Board of Governors of the Federal Reserve System shall, through its local Federal Reserve agent, supply Federal Reserve notes to the banks so applying, and such bank shall be charged with the amount of the notes issued to it and shall pay such rate of interest as may be established by the Board of Governors of the Federal Reserve System on only that amount of such notes which equals the total amount of its outstanding Federal Reserve notes less the amount of gold certificates held by the Federal Reserve agent as collateral security. Federal Reserve notes issued to any such bank shall, upon delivery, together with such notes of such Federal Reserve bank as may be issued under section 18 of this Act upon security of United States 2 per centum Government bonds, become a first and paramount lien on all the assets of such bank.

[12 USC 414. As amended by acts of June 21, 1917 (40 Stat. 237); Jan. 30, 1934 (48 Stat. 338); June 12, 1945 (59 Stat. 237); and March 18, 1968 (82 Stat. 50).]

#### 5. Deposit to reduce liability for outstanding notes

Any Federal Reserve bank may at any time reduce its liability for outstanding Federal Reserve notes by depositing with the Federal Reserve agent its Federal Reserve notes, gold certificates, Special Drawing Right certificates, or lawful money of the United States. Federal Reserve notes so deposited shall not be reissued, except upon compliance with the conditions of an original issue. The liability of a Federal Reserve bank with respect to its outstanding Federal Reserve notes shall be reduced by any amount paid by such bank to the Secretary of the Treasury under section 4 of the Old Series Currency Adjustment Act.

[12 USC 415. As reenacted by act of June 21, 1917 (40 Stat. 237); and as amended by acts of Jan. 30, 1934 (48 Stat. 339); June 30, 1961 (75 Stat. 147); March 18, 1968 (82 Stat. 50); and June 19, 1968 (82 Stat. 189). The act of June 30, 1961, is the Old Series Currency Adjustment Act.]

#### 6. Substitution of collateral; retirement of Federal Reserve notes

Any Federal reserve bank may at its discretion withdraw collateral deposited with the local Federal reserve agent for the protection of its Federal reserve notes issued to it and shall at the same time substitute therefor other collateral of equal amount with the approval of the Federal reserve agent under regulations to be prescribed by the Board of Governors of the Federal Reserve System. Any Federal reserve bank may retire any of its Federal reserve notes by depositing them with the Federal reserve agent or with the Treasurer of the United States, and such Federal reserve bank shall thereupon be entitled to receive back the collateral deposited with the Federal reserve agent for the security of such notes. Any Federal Reserve bank shall further be entitled to receive back the collateral deposited with the Federal Reserve agent for the security of any notes with respect to which such bank has made payment to the Secretary of the Treasury under section 4 of the Old Series Currency Adjustment Act. Federal reserve notes so deposited shall not be reissued except upon compliance with the conditions of an original issue.

[12 USC 416. As amended by acts of June 21, 1917 (40 Stat. 237); June 30, 1961 (75 Stat. 147); and March 18, 1968 (82 Stat. 50). The act of June 30, 1961 is the Old Series Currency Adjustment Act.]

#### 7. Custody of reserve notes, gold certificates, and lawful money

All Federal Reserve notes and all gold certificates, Special Drawing Right certificates, and lawful money issued to or deposited with any Federal Reserve agent under the provisions of the Federal Reserve Act shall hereafter be held for such agent, under such rules and regulations as the Board of Governors of the Federal Reserve System may prescribe, in the joint custody of himself and the Federal Reserve bank to which he is accredited. Such agent and such Federal Reserve bank shall be jointly liable for the safekeeping of such Federal Reserve notes, gold certificates, Special Drawing Right certificates, and lawful money. Nothing herein contained, however, shall be construed to prohibit a Federal Reserve agent from depositing gold certificates and Special Drawing Right certificates with the Board of Governors of the Federal Reserve System, to be held by such Board subject to his order, or with the Treasurer of the United States for the purposes authorized by law.

[12 USC 417. As added by act of June 21, 1917 (40 Stat. 238); and amended by acts of Jan. 30, 1934 (48 Stat. 339) and June 19, 1968 (82 Stat. 189).]

### 8. Engraving of plates; denominations and form of notes

In order to furnish suitable notes for circulation as Federal reserve notes, the Secretary of the Treasury shall cause plates and dies to be engraved in the best manner to guard against counterfeits and fraudulent alterations, and shall have printed therefrom and numbered such quantities of such notes of the denominations of $1, $2, $5, $10, $20, $50, $100, $500, $1,000 $5,000, $10,000 as may be required to supply the Federal reserve banks. Such notes shall be in form and tenor as directed by the Secretary of the Treasury under the provisions of this Act and shall bear the distinctive numbers of the several Federal reserve banks through which they are issued.

[12 USC 418. As amended by acts of Sept. 26, 1918 (40 Stat. 970); June 4, 1963 (77 Stat. 54); and Sept. 23, 1994 (108 Stat. 2293).]

### 9. Custody of unissued notes

When such notes have been prepared, the notes shall be delivered to the Board of Governors of the Federal Reserve System subject to the order of the Secretary of the Treasury for the delivery of such notes in accordance with this Act.

[12 USC 419. As amended by acts of May 29, 1920 (41 Stat. 654) and Sept. 23, 1994 (108 Stat. 2293).]

### 10. Custody of plates and dies; expenses of issue and retirement of notes

The plates and dies to be procured by the Secretary of the Treasury for the printing of such circulating notes shall remain under his control and direction, and the expenses necessarily incurred in executing the laws relating to the procuring of such notes, and all other expenses incidental to their issue and retirement, shall be paid by the Federal reserve banks, and the Board of Governors of the Federal Reserve System shall include in its estimate of expenses levied against the Federal reserve banks a sufficient amount to cover the expenses herein provided for.

[12 USC 420. Part of original Federal Reserve Act; not amended.]

### 11. Examinations of plates, dies, etc.

The Secretary of the Treasury may examine the plates, dies, bed pieces, and other material used in the printing of Federal Reserve notes and issue regulations relating to such examinations.

[12 USC 421. As amended by act of Sept. 23, 1994 (108 Stat. 2293).]

### 12. Appropriation for engraving, etc.

Any appropriation heretofore made out of the general funds of the Treasury for engraving plates and dies, the purchase of distinctive paper, or to cover any other expense in connection with the printing

of national-bank notes or notes provided for by the Act of May thirtieth, nineteen hundred and eight, and any distinctive paper that may be on hand at the time of the passage of this Act may be used in the discretion of the Secretary for the purposes of this Act, and should the appropriations heretofore made be insufficient to meet the requirements of this Act in addition to circulating notes provided for by existing law, the Secretary is hereby authorized to use so much of any funds in the Treasury not otherwise appropriated for the purpose of furnishing the notes aforesaid: *Provided, however,* That nothing in this section contained shall be construed as exempting national banks or Federal reserve banks from their liability to reimburse the United States for any expenses incurred in printing and issuing circulating notes.

[Omitted from U.S. Code. Part of original Federal Reserve Act. This paragraph was in effect amended by subsection (a) of section 1 of the Permanent Appropriation Repeal Act of 1934, approved June 26, 1934 (48 Stat. 1224; 31 USC, 725), which provides: "That effective July 1, 1935, such portions of any acts as provide permanent or continuing appropriations from the general fund of the Treasury to be disbursed under the appropriation accounts appearing on the books of the Government, and listed in subsection (b) of this section, are hereby repealed, and any unobligated balances under such accounts as of June 30, 1935, shall be covered into the surplus fund of the Treasury." Among the appropriation accounts listed in subsection (b) is that for the preparation and issue of Federal Reserve notes.]

### 13. Checks and drafts to be received on deposit at par

Every Federal reserve bank shall receive on deposit at par from depository institutions or from Federal reserve banks checks and other items, including negotiable orders of withdrawal and share drafts and drafts drawn upon any of its depositors, and when remitted by a Federal reserve bank, checks and other items, including negotiable orders of withdrawal and share drafts and drafts drawn by any depositor in any other Federal reserve bank or depository institution upon funds to the credit of said depositor in said reserve bank or depository institution. Nothing herein contained shall be construed as prohibiting a depository institution from charging its actual expense incurred in collecting and remitting funds, or for exchange sold to its patrons. The Board of Governors of the Federal Reserve System shall, by rule, fix the charges to be collected by the depository institutions from its patrons whose checks and other items, including negotiable orders of withdrawal and share drafts are cleared through the Federal reserve bank and the charge which may be imposed for the service of clearing or collection rendered by the Federal reserve bank.

[12 USC 360. As amended by act of March 31, 1980 (94 Stat. 140).]

### 14. Transfer of funds among Federal Reserve banks

The Board of Governors of the Federal Reserve System shall make and promulgate from time to time regulations governing the transfer of funds and charges therefor among Federal reserve banks and their branches, and may at its discretion exercise the functions of a clearing house for such Federal reserve banks, or may designate a Federal reserve bank to exercise such functions, and may also require each such bank to exercise the functions of a clearing house for depository institutions.

[12 USC 248-1. As amended by acts of Aug. 23, 1935 (49 Stat. 704) and March 31, 1980 (94 Stat. 140). Reclassified (previously 12 USC 248(o).]

### 15. Settlement fund

The Secretary of the Treasury is hereby authorized and directed to receive deposits of gold or of gold certificates or of Special Drawing Right certificates with the Treasurer or any Assistant Treasurer of the United States when tendered by any Federal Reserve bank or Federal Reserve agent for credit to its or his account with the Board of Governors of the Federal Reserve System. The Secretary shall prescribe by regulation the form of receipt to be issued by the Treasurer or Assistant Treasurer to the

14

Federal Reserve bank or Federal Reserve agent making the deposit, and a duplicate of such receipt shall be delivered to the Board of Governors of the Federal Reserve System by the Treasurer at Washington upon proper advices from any Assistant Treasurer that such deposit has been made. Deposits so made shall be held subject to the orders of the Board of Governors of the Federal Reserve System and deposits of gold or gold certificates shall be payable in gold certificates, and deposits of Special Drawing Right certificates shall be payable in Special Drawing Right certificates, on the order of the Board of Governors of the Federal Reserve System to any Federal Reserve bank or Federal Reserve agent at the Treasury or at the subtreasury of the United States nearest the place of business of such Federal Reserve bank or such Federal Reserve agent. The order used by the Board of Governors of the Federal Reserve System in making such payments shall be signed by the chairman or vice chairman, or such other officers or members as the Board may by regulation prescribe. The form of such order shall be approved by the Secretary of the Treasury.

[12 USC 467. As added by act of June 21, 1917 (40 Stat. 238); and amended by acts of Jan. 30, 1934 (48 Stat. 339) and June 19, 1968 (82 Stat. 189). Prior to enactment of the Banking Act of 1935, approved Aug. 23, 1935, the chairman and vice chairman of the Board of Governors of the Federal Reserve System were known as the governor and vice governor of the Federal Reserve Board, respectively. See note to section 1.]

### 16. Expenses

The expenses necessarily incurred in carrying out these provisions, including the cost of the certificates or receipts issued for deposits received, and all expenses incident to the handling of such deposits shall be paid by the Board of Governors of the Federal Reserve System and included in its assessments against the several Federal reserve banks.

[12 USC 467. As added by act of June 21, 1917 (40 Stat. 238).]

### 17. Preservation of provisions of Act of March 14, 1900

Nothing in this section shall be construed as amending section six of the Act of March fourteenth, nineteen hundred, as amended by the Acts of March fourth, nineteen hundred and seven, March second, nineteen hundred and eleven, and June twelfth, nineteen hundred and sixteen, nor shall the provisions of this section be construed to apply to the deposits made or to the receipts or certificates issued under those Acts.

[12 USC 467. As added by act of June 21, 1917 (40 Stat. 239).]

15

## Federal Reserve Act

## Section 29. Civil Money Penalty

**(a) First Tier.** Any member bank which, and any institution-affiliated party (within the meaning of section 3(u) of the Federal Deposit Insurance Act) with respect to such member bank who, violates any provision of section 22, 23A, or 23B, or any regulation issued pursuant thereto, shall forfeit and pay a civil penalty of not more than $5,000 for each day during which such violation continues.

[12 USC 504(a). As added by act of Nov. 10, 1978 (92 Stat. 3641) and amended by acts of Oct. 15, 1982 (96 Stat. 1523) and Aug. 9, 1989 (103 Stat. 470).]

**(b) Second Tier.** Notwithstanding subsection (a), any member bank which, and any institution-affiliated party (within the meaning of section 3(u) of the Federal Deposit Insurance Act) with respect to such member bank who

1.
    A. commits any violation described in subsection (a);
    B. recklessly engages in an unsafe or unsound practice in conducting the affairs of such member bank; or
    C. breaches any fiduciary duty;
2. which violation, practice, or breach--
    A. is part of a pattern of misconduct;
    B. causes or is likely to cause more than a minimal loss to such member bank; or
    C. results in pecuniary gain or other benefit to such party,

shall forfeit and pay a civil penalty of not more than $25,000 for each day during which such violation, practice, or breach continues.

[12 USC 504(b). As added by act of Nov. 10, 1978 (92 Stat. 3641) and amended by act of Aug. 9, 1989 (103 Stat. 470).]

**(c) Third Tier.** Notwithstanding subsections (a) and (b), any member bank which, and any institution-affiliated party (within the meaning of section 3(u) of the Federal Deposit Insurance Act) with respect to such member bank who--

1. knowingly--
    A. commits any violation described in subsection (a);
    B. engages in any unsafe or unsound practice in conducting the affairs of such credit union; or
    C. breaches any fiduciary duty; and
2. knowingly or recklessly causes a substantial loss to such credit union or a substantial pecuniary gain or other benefit to such party by reason of such violation, practice, or breach,

shall forfeit and pay a civil penalty in an amount not to exceed the applicable maximum amount determined under subsection (d) for each day during which such violation, practice, or breach continues.

[12 USC 504(c). As added by act of Nov. 10, 1978 (72 Stat. 3641) and amended by act of Aug. 9, 1989 (103 Stat. 470).]

**(d) Maximum Amounts Of Penalties For Any Violation Described In Subsection (c).** The maximum daily amount of any civil penalty which may be assessed pursuant to subsection (c) for any violation, practice, or breach described in such subsection is--

1. in the case of any person other than a member bank, an amount to not exceed $1,000,000; and
2. in the case of a member bank, an amount not to exceed the lesser of --
    A. $1,000,000; or
    B. 1 percent of the total assets of such member bank.

16

[12 USC 504(d). As added by act of Nov. 10, 1978 (92 Stat. 3641) and amended by acts of Oct. 15, 1982 (96 Stat. 1523) and Aug. 9, 1989 (103 Stat. 470).]

**(e) Assessment, Etc.** Any penalty imposed under subsection (a), (b), or (c) shall be assessed and collected by

1.  in the case of a national bank, by the Comptroller of the Currency; and
2.  in the case of a State member bank, by the Board,

in the manner provided in subparagraphs (E), (F), (G), and (I) of section 8(i)(2) of the Federal Deposit Insurance Act for penalties imposed (under such section) and any such assessment shall be subject to the provisions of such section.

[12 USC 504(e). As added by act of Nov. 10, 1978 (92 Stat. 3641) and amended by act of Aug. 9, 1989 (103 Stat. 470).]

**(f) Hearing.** The member bank or other person against whom any penalty is assessed under this section shall be afforded an agency hearing if such member bank or person submits a request for such hearing within 20 days after the issuance of the notice of assessment. Section 8(h) of the Federal Deposit Insurance Act shall apply to any proceeding under this section.

[12 USC 504(f). As added by act of Nov. 10, 1978 (92 Stat. 3641) and amended by act of Aug. 9, 1989 (103 Stat. 470).]

**(g) Disbursement.** All penalties collected under authority of this paragraph shall be deposited into the Treasury.

[12 USC 504(g). As added by act of Nov. 10, 1978 (92 Stat. 3641) and amended by act of Aug. 9, 1989 (103 Stat. 470).]

**(h) Violate Defined.** For purposes of this section, the term "violate" includes any action (alone or with another or others) for or toward causing, bringing about, participating in, counseling, or aiding or abetting a violation.

[12 USC 504(h). As added by act of Aug. 9, 1989 (103 Stat. 470).]

**(i) Regulations.** The Comptroller of the Currency and the Board shall prescribe regulations establishing such procedures as may be necessary to carry out this section.

[12 USC 504(i). As added by act of Aug. 9, 1989 (103 Stat. 470).]

**(m)\* Notice Under This Section After Separation From Service.** The resignation, termination of employment or participation, or separation of an institution-affiliated party (within the meaning of section 3(u) of the Federal Deposit Insurance Act) with respect to a member bank (including a separation caused by the closing of such a bank) shall not affect the jurisdiction and authority of the appropriate Federal banking agency to issue any notice and proceed under this section against any such party, if such notice is served before the end of the 6-year period beginning on the date such party ceased to be such a party with respect to such bank (whether such date occurs before, on, or after the date of the enactment of this subsection).

[12 USC 504(m). As added by act of Aug. 9, 1989 (103 Stat. 461).]

\* So in original. Subsection (m) was added without subsections (j) through (*l*).

*Exhibit C*

Flagstar Bank, N. A.
5151 Corporate Drive
Attention: Cash Operations/W-155-3
Troy, MI  48098-2639

PAYOFF STATEMENT
AS OF 07-18-23 AND GOOD TO 08-08-23
AMOUNT DUE TO PAYOFF $ 371,083.61

Holly Vaughan
2338 Kipana Ave
Ojai,CA 93023

*8/4/2023*

*ACCEPTED FOR DEPOSIT*

Loan No: 0441069214
Loan Type: CONV W/ PMI
FHA/VA/PMI No: 31675448
Property Address:
2338 Kipana Ave

| | | |
|---|---|---|
| AMOUNT DUE TO PAYOFF AS OF 08-08-23 | $ | 371,083.61 |
| PAYOFF AMOUNT BREAKDOWN: | | |
| Unpaid Principal Balance Due as of 07-18-23 | | 368,843.04 |
| Interest Due  2.75000% from 06-01-23 to 08-08-23 | | 1,885.07 |
| Pro Rata Private Mortgage Insurance (PMI) | | 65.40 |
| Unpaid Late Charges | | 80.10 |
| Fax/Email Fee | | .00 |
| Recording Fee | | 200.00 |
| Document Prep Fee | | 10.00 |

PAYOFF INFORMATION AND INSTRUCTIONS:
Payoff figures are good to (closing date, when applicable) 08-08-23.
Funds received after 1 p.m., ET may be credited the following business
day. Funds credited after 08-08-23 will require an additional
$ 27.79 per Day.
If the funds will be remitted after August 08, 2023 request an updated
payoff statement to ensure your final remittance is sufficient.
If applicable, we reserve the right to adjust any portion of this
statement due to changing balances such as principal, escrow, fees,
advances, expenses, and/or interest rates on this loan. Any shortage of
the payoff funds received will delay processing and may cause additional
fees and/or interest accrue.  Payoff funds must be wired or certified
and must reflect all information stated below.

WIRE FUNDS TO:                          MAIL CERTIFIED FUNDS TO:
Beneficiary Bank: Flagstar Bank         Cash Operations/W-155-3
ABA Routing Number: 27-247-1852         5151 Corporate Drive
Beneficiary Acct Name: Cashiering Loan Servicing   Troy, MI  48098-2639
Account Number: 2080500800061
Reference: Loan Number 0441069214 Holly Vaughan

XP631-068/(SO                Page 1 of 2        A/L 071621

*Three hundred, seventy-one thousand, eighty-three ——— 61/100*  *$371,083.61*

*PAY TO ORDER OF BEARER*

*For ACCOUNT number 441069214*

*By: Vaughan, Holly Arlena/agent*
*FOR: HOLLY ARLENA VAUGHAN/ principal*

*18*

ESCROW ACCOUNT INFORMATION:
Date last tax paid: 03-28-23    Date last insurance paid: 00-00-00
The loan currently has an escrow balance of $ 1,799.16 (subject to change).

Funds may be deducted from escrow if the payoff amount received is not
the full amount due.

Funds in excess of the amount due to payoff, along with any remaining
funds in the escrow account, will be mailed within 20 business days
after the loan is paid in full.

PAYMENT INFORMATION:
The next payment is due on 07-01-23.  If applicable, a late charge of
$ 80.10 may be assessed 15 days after the payment due date and must
be added to the payoff amount if it is remitted after that date.
If you have an automated payment scheduled, it is your responsibility
to discontinue the service.  Do not place a stop on any recent payments
made as the payment may be reflected in the payoff calculation.  Any
payments that are returned unpaid are required to be repaid in addition
to any applicable fees that are assessed as a result.

ADDITIONAL INFORMATION:
After the loan has been paid in full we will complete the release of lien.
The annual tax and interest statement will be mailed by January 31.

ACTION REQUIRED:
If you have a new mailing address, please provide it to us by completing
the below section (signature required) and email to:
SERVICINGMAILHUB@FLAGSTAR.COM or send via fax: (888) 848-1071
Street Address: _____  Loan Number: 0441069214
City/State/Zip: _____
Effective Date:   ___/___ /____  Telephone Number: (____) _____-_____
Signature: _____
          Holly Vaughan
If you have any questions, please call us at (800)968-7700, Monday-
Friday 7:30 a.m.-8 p.m. or Saturday 7:30 a.m.-4 p.m., ET.

XP631-068/(SO          Page 2 of 2                A/L 071621

By: Vaughan, Holly Arlena, agent
For: HOLLY ARLENA VAUGHAN,
Principal
( without recourse )

19

## Notice of Claim of Credit

I, Vaughan, Holly Arlena/agent, on behalf of HOLLY ARLENA VAUGHAN/principal, hereby accept all titles, rights, interest, and equity Owed to HOLLY ARLENA VAUGHAN/principal.

I hereby instruct Chief Financial Officer of Flagstar Bank, James K. Ciroli, to apply the principal's balance to the principal's account #441069214 for set-off.

I also instruct Chief Financial Officer of Flagstar Bank, James K. Ciroli, to communicate in writing within five (5) business days once instructions are completed.

If instructions are not completed, I instruct Chief Financial Officer of Flagstar Bank, James K. Ciroli, to respond in writing within five (5) business days giving reason for non-performance of fiduciary duties.

If no communication is made within five (5) business days I, Vaughan, Holly Arlena/agent, on behalf of HOLLY ARLENA VAUGHAN/principal can assume that instructions have been completed.

Thank you,

By: Vaughan, Holly Arlena

Vaughan, Holly Arlena,
Attorney-in-Fact, for
HOLLY ARLENA VAUGHAN
Done in good faith.

---

A notary public or other officer completing this certificate verifies only the identity of the individual(s) who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

VENTURA COUNTY
STATE OF CALIFORNIA, ss:

On August 4th 2023 before me, Cynthia Marlene Soriano, personally appeared **HOLLY ARLENA VAUGHAN**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____ (Notary Seal)
Signature of Notary Public

CYNTHIA MARLENE SORIANO
Notary Public - California
Ventura County
Commission # 2385226
My Comm. Expires Dec 3, 2025

1

20

EXHIBIT E

RECORDING REQUESTED BY & WHEN
RECORDED MAIL TO:

Holly Vaughan

2338 Kipana Ave
Ventura CA 93001

Recorded in Official Records
County of Santa Barbara
Joseph E. Holland
County Clerk-Recorder

**DOC# 2023-0020991**

| 07/20/2023 11:53 AM SBC | | |
|---|---|---|
| E49 | Titles: 1 | Pages: 9 |
| | Fees | $38.00 |
| | Taxes | $0.00 |
| | CA SB2 Fee | $75.00 |
| | Total | $113.00 |

Power of Attorney
(Please fill in document title(s) on this line)

THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION
(Additional recording fee applies)

Exhibit E

## *DURABLE POWER OF ATTORNEY*

### <u>Notice to Person Executing Durable Power of Attorney</u>

A durable power of attorney is an important legal document. By signing the durable power of attorney, you are authorizing another person to act for you, the principal. Before you sign this durable power of attorney, you should know these important facts:

Your agent (attorney-in-fact) has no duty to act unless you and your agent agree otherwise in writing. This document gives your agent the powers to manage, dispose of, sell, and convey your real and personal property, and to use your property as security if your agent borrows money on your behalf. This document does not give your agent the power to accept or receive any of your property, in trust or otherwise, as a gift, unless you specifically authorize the agent to accept or receive a gift.

Your agent will have the right to receive reasonable payment for services provided under this durable power of attorney, unless you provide otherwise in this power of attorney.

The powers you give your agent will continue to exist for your entire lifetime, unless you state that the durable power of attorney will last for a shorter period of time or unless you otherwise terminate the durable power of attorney. The powers you give your agent in this durable power of attorney will continue to exist even if you can no longer make your own decisions respecting the management of your property.

You can amend or change this durable power of attorney only by executing a new durable power of attorney or by executing an amendment through the same formalities as an original. You have the right to revoke or terminate this durable power of attorney at any time, so long as you are competent.

This durable power of attorney must be dated and must be acknowledged before a notary public or attested to by 2 witnesses. A durable power of attorney that may affect real property should be acknowledged before a notary public so that it may easily be recorded.

You should read this durable power of attorney carefully. When effective, this durable power of attorney will give your agent the right to deal with property that you now have or might acquire in the future. The durable power of attorney is important to you. If you do not

Page 1 of 8

22

understand the durable power of attorney, or any provision of it, then you should obtain the assistance of an attorney or other qualified person.

NOTICE: THE POWERS GRANTED BY THIS DOCUMENT ARE BROAD AND SWEEPING. THEY ARE EXPLAINED IN THE UNIFORM STATUTORY FORM POWER OF ATTORNEY ACT (CALIFORNIA PROBATE CODE SECTIONS 4400-4465). IF YOU HAVE ANY QUESTIONS ABOUT THESE POWERS, OBTAIN COMPETENT LEGAL ADVICE. THIS DOCUMENT DOES NOT AUTHORIZE ANYONE TO MAKE MEDICAL AND OTHER HEALTHCARE DECISIONS FOR YOU. YOU MAY REVOKE THIS POWER OF ATTORNEY IF YOU LATER WISH TO DO SO.

I, HOLLY ARLENA VAUGHAN, residing at 1207 Moreno Drive, Ojai, California, 93023, telephone number 8058362405, and email address hollyarlenavaughan@gmail.com, appoint Vaughan, Holly Arlena of 2338 Kipana Ave, Ventura, California, 93001, telephone number 8058610165, and email address hollyvaughan93@gmail.com, as my agent (attorney-in-fact) to act for me in any lawful way with respect to the following initialed subjects.

This Power of Attorney shall not be affected by my subsequent incapacity.

All acts done by the Agent pursuant to a durable power of attorney during the principal's incapacity have the same effect, power, authority, and inure to the benefit of and bind the principal and the principal's successors in interest as if the principal had capacity. This power shall authorize my Agent to manage my affairs and to exercise all of my legal rights, including rights and powers acquired in the future. My Agent's authorized, but not limited to, exercise the power to:

(INITIAL each subject you want to include in the agent's general authority.)

H.A.V.  Real estate transactions
H.A.V.  Tangible personal property transactions
H.A.V.  Stock and bond transactions
H.A.V.  Commodity and option transactions
H.A.V.  Banking and other financial institution transactions
H.A.V.  Business operating transactions
H.A.V.  Insurance and annuity transactions
H.A.V.  Estate, Trust, and other Beneficiary Transactions

H.A.V. Claims and Litigation

H.A.V. Personal and Family Maintenance

H.A.V. Benefits from social security Medicare, Medicaid, or other Governmental Programs or Civil or Military Service

H.A.V. Retirement benefit transactions

H.A.V. Tax matters

I hereby revoke or terminate any and all general powers of attorney and special powers of attorney that previously have been signed by me.

SPECIAL INSTRUCTIONS APPLICABLE TO AGENT COMPENSATION: My agent is entitled to reasonable compensation for services rendered to the principal and to reimbursement for reasonable expenses incurred as a result of acting as agent.

### GRANT OF SPECIFIC AUTHORITY

My agent MAY NOT do any of the following specific acts for me UNLESS I have INITIALED the specific authority listed below:

(CAUTION: Granting any of the following will give your agent the authority to take actions that could significantly reduce your property or change how your property is distributed at your death. Consultation with an attorney is recommended before granting any of these specific powers.)

H.A.V. Create, amend, revoke, or terminate an inter vivos trust

H.A.V. Make a gift subject to the limitations under federal law and any Special Instructions under this Power of Attorney

H.A.V. Create or change rights of survivorship

H.A.V. Create or change a beneficiary designation

H.A.V. Authorize another person to exercise the authority granted under this power of attorney

H.A.V. Waive the principal's right to be a beneficiary of a joint and survivor annuity,

Page 3 of 8

24

including a survivor benefit under a retirement plan

H.A.V. Access the content of electronic communications

H.A.V. Exercise fiduciary powers that the principal has authority to delegate

H.A.V. Disclaim or refuse an interest in property, including a power of appointment

This Power of Attorney shall be construed broadly as a General Power of Attorney. The listing of specific powers is not intended to limit or restrict the general powers granted in this Power of Attorney in any manner.

Any power or authority granted to my Agent under this document shall be limited to the extent necessary to prevent this Power of Attorney from causing, (i) my income to be taxable to my Agent, (ii) my assets to be subject to a general power of appointment by my Agent, or (iii) my Agent to have any incidents of ownership with respect to any life insurance policies that I may own on the life of my Agent.

## RESTRICTION ON AGENT'S AUTHORITY

An agent that is not my ancestor, spouse, or descendant MAY NOT use my property to benefit the agent or a person to whom the agent owes an obligation of support unless I have included that authority in the Special Instructions.

## SPECIAL INSTRUCTIONS

ON THE FOLLOWING LINES, YOU MAY GIVE SPECIAL INSTRUCTIONS LIMITING OR EXTENDING THE POWERS GRANTED TO YOUR AGENT:

Do your job well and I'll reward you.

THIS POWER OF ATTORNEY IS NOT AFFECTED BY MY SUBSEQUENT INCAPACITY.

My Agent shall not be liable for any loss that results from a judgment error that was made in good faith. However, my Agent shall be liable for willful misconduct or the failure to act in good faith while acting under the authority of this Power of Attorney. A Successor Agent shall

not be liable for acts of a prior Agent.

My Agent is entitled to reasonable payment for services provided under this power of attorney. My Agent is also entitled to reimbursement of all reasonable expenses incurred in acting under this Power of Attorney.

My Agent shall provide an accounting for all funds handled, and all acts performed at any time upon my request or the request of any authorized personal representative, fiduciary, or court of record acting on my behalf. If so requested, within 30 days the agent shall comply with the request or provide a writing or other record substantiating why additional time is needed and shall comply with the request within an additional 30 days.

This Power of Attorney shall be governed by the laws of the state of California. Moreover, I intend to have this Power of Attorney universally recognized and be admissible to recordation. In case that I become a resident of another jurisdiction, or obtain any form of property interest in another jurisdiction, it remains my intention that the laws of California shall continue to govern over this Power of Attorney to the extent that might be legally possible.

This Power of Attorney takes effect immediately and shall not be affected by my disability or lack of mental competence, except as may be provided otherwise by an applicable state statute. This is a Durable Power of Attorney. This Power of Attorney may be revoked by me at any time by providing written notice to my Agent.

Dated ___July 19th___, _2023_, at Ventura, California.


HOLLY ARLENA VAUGHAN _AAV_

HOLLY ARLENA VAUGHAN


Witness Signature: _Ezequiel Hernandez_

Name: _Ezequiel Hernandez_

Address: _444 Telephone Rd_
_Ventura CA_

Telephone number: _805-535-4053_

Email address: _____


Witness Signature: _Antonio Guerrero_

Name: _Antonio Guerrero_

Address: _444 Telephone Rd_
_Ventura CA_

Telephone number: _805-535-4053_

Email address: _____

27

### Notice to Person Accepting the Appointment as Attorney-in-Fact

By acting or agreeing to act as the agent (attorney-in-fact) under this power of attorney, you assume the fiduciary and other legal responsibilities of an agent. These responsibilities include:

1. The legal duty to act solely in the interest of the principal and to avoid conflicts of interest.

2. The legal duty to keep the principal's property separate and distinct from any other property owned or controlled by you.

You may not transfer the principal's property to yourself without full and adequate consideration or accept a gift of the principal's property unless this power of attorney specifically authorizes you to transfer property to yourself or accept a gift of the principal's property. If you transfer the principal's property to yourself without specific authorization in the power of attorney, you may be prosecuted for fraud and/or embezzlement. If the principal is 65 years of age or older at the time that the property is transferred to you without authority, you may also be prosecuted for elder abuse under Penal Code Section 368. In addition to criminal prosecution, you may also be sued in civil court.

I have read the foregoing notice and I understand the legal and fiduciary duties that I assume by acting or agreeing to act as the agent (attorney-in-fact) under the terms of this power of attorney.

Date:
Signed:


_Vaughan, Holly Arlena_
Vaughan, Holly Arlena

A notary public or other officer completing this certificate verifies only the identity of the individual(s) who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

**VENTURA COUNTY**
**STATE OF CALIFORNIA, ss:**

On July 19, 2023 before me, Jorge m Hernandez , personally appeared HOLLY ARLENA VAUGHAN, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

JORGE M. HERNANDEZ
Notary Public - California
Ventura County
Commission # 2416623
My Comm. Expires Sep 18, 2026

_____                    (Notary Seal)
Signature of Notary Public

This is a true certified copy of the original document on file or of record in my office. It bears the seal and signature, imprinted in purple ink of the County Clerk, Recorder and Assessor.

COUNTY CLERK, RECORDER AND ASSESSOR, SANTA BARBARA CALIFORNIA
DATE: 08/18/2023          BY DEPUTY: Adrienne Koroshec
                                      Adrienne Koroshec

30

*Exhibit F*

# CERTIFICATE OF SERVICE

**Republic/State of** _California_____ )
**Subscribed and Affirmed** )
**County of** _Ventura_____ )

I _Cynthia Marlene Soriano_____ , the undersigned mailer/server, being of sound mind and under no duress, do hereby certify, attest and affirm that the following facts are true and correct, to wit:

1. That, on the _August  4th_, 20_23_, that, on behalf of (name) _HOLLY ARLENA VAUGHAN_____ , a human being, the undersigned personally deposited  the following documents (listed below) inside the envelope,  sealed them and transmitted them via the carrier indicated in item 2 below, to wit:

| Item # | Document Description | Number of pages |
|---|---|---|
| 1 | Copy of Certificate of Service | 23 |
| 2 | Endorsed Bill of Exchange | 1 |
| 3 | Notarized Notice of Claim of Credit | 1 |
| 4 | Certified copy of Durable Power of Attorney | 9 |
| 5 | Federal Reserve Act, Section 16 (1)+(2) [Exhibit A] | 6 |
| 6 | California Birth Certificate #19356001622 for HOLLY ARLENA VAUGHAN | 1 |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |

Total of _6_ documents with combined total of _2021_ pages.

2. That I personally mailed said document(s) via (initial those which apply):

_____United States Postal Office, by regular mail, postage prepaid
_____United States Postal Office, by priority mail, postage prepaid, tracking
          number:_____
__✓___United States Postal Office, by **Certified Mail #** _9589  0710  5270  0617  4121  49_
          Return Receipt Requested
_____United Parcel Service (UPS), tracking number # _____
_____Federal Express, tracking number # _____
_____Other (specify): _____

*Certificate/Proof/Affidavit of Service*                                        *Page 1 of 2*

EXHIBIT F

at said City and State, one (1) complete set of **ORIGINAL/COPIED (circle one)** documents, as described in item 1 above, properly enveloped and addressed to (addressee(s) and address(es)):

| # | Recipient(s) | |
|---|---|---|
| 1 | James K. Ciroli CFO of Flagstar Bank | 5151 Corporate Drive Troy, MI 48098 |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

3. That I am at least 18 years of age;

4. That I am not related to _Holly Arlena Vaughan_ by blood, marriage, adoption, or employment, but serve as a "disinterested third party" (herein "Server"); and further,

5. That I am in no way connected to, or involved in or with, the person and/or matter at issue in this instant action.

I now affix my signature to these affirmations.

(Signature): _____, Mailer/Server

(Printed name): _Cynthia Marlene Soriano_

## NOTARY PUBLIC'S JURAT

Subscribed and sworn to (or affirmed) before me on this _4th_ day of _August_, 20_23_, by

_Holly Arlena Vaughan._ _____, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me

WITNESS my hand and official seal.

✳See Attachment for California Jurat✳
Notary Public.                    _____SEAL
         Notary Public

My Commission Expires On: _12/03/2025_

_Certificate/Proof/Affidavit of Service_                    _Page 2 of 2_

Exhibit 1

**CALIFORNIA JURAT**

GOVERNMENT CODE § 8202

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _Ventura_

Subscribed and sworn to (or affirmed) before me on

this _4th_ day of _August_, 20_23_, by
    Date        Month       Year

(1) _Holly Arlena Vaughan_

(and (2) _____ ),
          Name(s) of Signer(s)

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

CYNTHIA MARLENE SORIANO
Notary Public - California
Ventura County
Commission # 2385226
My Comm. Expires Dec 3, 2025

Signature _____
          Signature of Notary Public

*Place Notary Seal and/or Stamp Above*

―――――――――――――― OPTIONAL ――――――――――――――

*Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: _Certificate of Service_

Document Date _August 4th 2023_ _____ Number of Pages: _1_

Signer(s) Other Than Named Above: _None_

©2019 National Notary Association



Exhibit G

U.S. Postal Service
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com

OFFICIAL USE

9589 0710 5270 0617 4121 49

| | |
|---|---|
| Certified Mail Fee $ | Postmark Here |
| Extra Services & Fees (check box, add fee as appropriate) ☐ Return Receipt (hardcopy) $ ☐ Return Receipt (electronic) $ ☐ Certified Mail Restricted Delivery $ ☐ Adult Signature Required $ ☐ Adult Signature Restricted Delivery $ | |
| Postage $ | |
| Total Postage and Fees $ | |

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, January 2023 ... See Reverse for Instructions

Sent on 8/4/2023 to
James K. Ciroli
CFO of Flagstar Bank
5151 Corporate Drive
Troy, MI 48098

Delivered on 8/8/2023

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

9590 9402 8210 3030 6603 66

2. Article Number (Transfer from service label)

9589 0710 5270 0617 4121 49

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Dawn Daniels ☐ Agent ☐ Addressee

B. Received by (Printed Name) Dawn Daniels
C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

EXHIBIT P

Notice of Default and Opportunity to Cure

I, Vaughan, Holly Arlena/agent, on behalf of HOLLY ARLENA VAUGHAN/principal, hereby accept all titles, rights, interest, and equity owed to HOLLY ARLENA VAUGHAN/principal.

I hereby instruct the Chief Financial Officer of Flagstar Bank, James K. Ciroli, and all assigns and successors, to apply the principal's balance to the principal's account #441069214 for set-off.

It was also my intent to instruct the Chief Financial Officer of Flagstar Bank, James K. Ciroli, and all assigns and successors, to release the lien immediately. And per my intent, I instruct the Chief Financial Officer of Flagstar Bank, James K. Ciroli, and all assigns and successors, to release the lien immediately, and send a certified copy of the release via certified mail to this address:

Holly Arlena Vaughan
2338 Kipana Avenue
Ventura, CA 93001

I also instruct the Chief Financial Officer of Flagstar Bank, James K. Ciroli, and all assigns and successors, to communicate in writing within five (5) business days once instructions are completed.
If instructions are not completed, I instruct the Chief Financial Officer of Flagstar Bank, James K. Ciroli, and all assigns and successors, to respond in writing within five (5) business days giving reason for non-performance of fiduciary duties.

If no communication is made within five (5) business days I, Vaughan, Holly Arlena/agent, on behalf of HOLLY ARLENA VAUGHAN/principal can assume that instructions have been completed.

Thank you,

By: _Vaughan, Holly Arlena AtF_

_8/14/2023_        Vaughan, Holly Arlena,
Attorney-in-Fact, for
HOLLY ARLENA VAUGHAN
Done in good faith.

---

A notary public or other officer completing this certificate verifies only the identity of the individual(s) who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

VENTURA COUNTY
STATE OF CALIFORNIA, ss:

On _08/14/2023_ before me, _Jorge M Hernandez Notary Public_, personally appeared **HOLLY ARLENA VAUGHAN**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____ (Notary Seal)
Signature of Notary Public

JORGE M. HERNANDEZ
Notary Public - California
Ventura County
Commission # 2416623
My Comm. Expires Sep 18, 2026

1

*Exhibit I*

# CERTIFICATE OF SERVICE

Republic/State of <u>California</u>                    )
**Subscribed and Affirmed**                                 )
County of <u>Ventura</u>                    )


I <u>Cynthia Marlene Soriano</u>, the undersigned mailer/server, being of sound mind and under no duress, do hereby certify, attest and affirm that the following facts are true and correct, to wit:

1. That, on the <u>August 15</u>, 20<u>23</u>, that, on behalf of (name) <u>HOLLY ARLENA VAUGHAN</u> a human being, the undersigned personally deposited the following documents (listed below) inside the envelope, sealed them and transmitted them via the carrier indicated in item 2 below, to wit:

| Item # | Document Description | Number of pages |
|---|---|---|
| 1 | Copy of Certificate of Service | 3 |
| 2 | Endorsed Bill of Exchange (copy) | 1 |
| 3 | Notarized Notice of Default and Opportunity to Cure (copy) | 1 |
| 4 | Federal Reserve Act, section 16 (1) + (2) [Exhibit A] | 5 |
| 5 | Federal Reserve Act, section 29 (b) [Exhibit B] | 2 |
| 6 | Copy of certified mail receipt 9589 0710 5270 0617 4121 49 (see Certificate of Service sent on 8/4/2023) | 1 |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |

Total of <u>6</u> documents with combined total of <u>13</u> pages.

2. That I personally mailed said document(s) via (initial those which apply):

_____United States Postal Office, by regular mail, postage prepaid
_____United States Postal Office, by priority mail, postage prepaid, tracking
              number:_____
___✓___United States Postal Office, by **Certified Mail #** 9589 0710 5270 0617 4122 93
              Return Receipt Requested
_____United Parcel Service (UPS), tracking number # _____
_____Federal Express, tracking number # _____
_____Other (specify): _____

---

*Certificate/Proof/Affidavit of Service*                                                      *Page 1 of 2*

at said City and State, one (1) complete set of **ORIGINAL/COPIED (circle one)** documents, as described in item 1 above, properly enveloped and addressed to (addressee(s) and address(es)):

| # | Recipient(s) | |
|---|---|---|
| 1 | James K. Ciroli CFO of Flagstar Bank | 5151 Corporate Drive Troy, MI 48098 |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

3. That I am at least 18 years of age;

4. That I am not related to HOLLY ARLENA VAUGHAN_____ by blood, marriage, adoption, or employment, but serve as a "disinterested third party" (herein "Server"); and further,

5. That I am in no way connected to, or involved in or with, the person and/or matter at issue in this instant action.

I now affix my signature to these affirmations.

(Signature): _____, Mailer/Server

(Printed name): _Cynthia Marlene Soriano_____

---

## NOTARY PUBLIC'S JURAT

Subscribed and sworn to (or affirmed) before me on this _15th_ day of _August_____, 20_23_, by

_Holly Arlena Vaughan._____, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me

WITNESS my hand and official seal.

*See attachment for California Jurat* (Notary Public) SEAL

Notary Public

My Commission Expires On: _12/03/2025_

*Certificate/Proof/Affidavit of Service*                                        *Page 2 of 2*

*Exhibit I*

**CALIFORNIA JURAT**                                    GOVERNMENT CODE § 8202

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _Ventura_

Subscribed and sworn to (or affirmed) before me on

this _15th_ day of _August_, 20_23_, by
    Date       Month       Year

(1) _Holly Arlena Vaughan_

(and (2) _____ ),
             Name(s) of Signer(s)

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____
            Signature of Notary Public

CYNTHIA MARLENE SORIANO
Notary Public - California
Ventura County
Commission # 2385226
My Comm. Expires Dec 3, 2025

*Place Notary Seal and/or Stamp Above*

————— OPTIONAL —————

*Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: _Certificate of Service_

Document Date: _August 15th 2023_ Number of Pages: _1_

Signer(s) Other Than Named Above: _None_

©2019 National Notary Association

38

Exhibit J

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $ _____
☐ Return Receipt (electronic)        $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required           $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, January 2023 ?????????

See Reverse for Instructions

9589 0710 5270 0617 4122 93

Sent on 8/15/2023 to
James K. Ciroli
CFO of Flagstar Bank
5151 Corporate Drive
Troy, MI 48098

Delivered on 8/21/2023

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  _____ Kaw Bast___
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery

D. Is delivery address different from item 1?  ☑ Yes
   If YES, enter delivery address below:        ☐ No

9590 9402 8210 3030 6603 11

2. Article Number *(Transfer from service label)*

9589 0710 5270 0617 4122 93

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
   ☐ ____ured Mail Restricted Delivery
   ☐ ____er $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

**PS Form 3811,** July 2020 PSN 7530-02-000-9053

Domestic Return Receipt

Exhibit K



August 21, 2023

Holly Vaughan
2338 Kipana Ave.
Ventura, CA 93001

Dear Holly Vaughan:

Thank you for the letter we received on August 17, 2023, regarding your home loan currently serviced by Flagstar Bank, N.A.

Flagstar does not recognize or accept this attempt to satisfy your outstanding mortgage debt; therefore, no additional action can be taken regarding your request to satisfy your loan. We encourage you to continue making your monthly mortgage payment as agreed. As of the date of this letter, your loan is due for the October 2023, installment of $2,012.56.

Please recall on December 31, 2020, you obtained a loan from Quicken Loans, LLC in the amount of $392,400. In exchange for the loan, you gave, as security, an interest in the subject property located at 2338 Kipana Ave. Ventura, CA. Additionally, the servicing of your loan was transferred from Quicken Loans, LLC Corp to Flagstar, effective July 1, 2021.

Subject to and without waiving any objections, Flagstar is providing the following documents as a courtesy:
1. Note
2. Deed
3. Closing Disclosure
4. Quicken Goodbye Letter

If you are experiencing a financial hardship and are seeking loan assistance, please speak with a representative at (800) 393-4887, Monday-Friday 8:30 a.m.-9 p.m. ET.

Sincerely,

*Keena Hadash*

**Keena Hadash**
Office of the President
248-312-2453

*EXHIBIT L*

Notice of Default

I, Vaughan, Holly Arlena/agent, on behalf of HOLLY ARLENA VAUGHAN/principal, hereby accept all titles, rights, interest, and equity owed to HOLLY ARLENA VAUGHAN/principal.

I hereby instruct the Chief Financial Officer of Flagstar Bank, James K. Ciroli, and indentured trustee, to apply the principal's balance to the principal's account #441069214 for set-off.

It was also my intent to instruct the Chief Financial Officer of Flagstar Bank, James K. Ciroli, and indentured trustee, to release the lien immediately. And per my intent, I instruct the Chief Financial Officer of Flagstar Bank, James K. Ciroli, and indentured trustee, to release the lien immediately, and send a certified copy of the release via certified mail to this address:

Holly Arlena Vaughan
2338 Kipana Avenue
Ventura, CA 93001

I also instruct the Chief Financial Officer of Flagstar Bank, James K. Ciroli, and indentured trustee, to communicate in writing within five (5) business days once instructions are completed.
If instructions are not completed, I instruct the Chief Financial Officer of Flagstar Bank, James K. Ciroli, and indentured trustee, to respond in writing within five (5) business days giving reason for non-performance of fiduciary duties.

If no communication is made within five (5) business days I, Vaughan, Holly Arlena/agent, on behalf of HOLLY ARLENA VAUGHAN/principal can assume that instructions have been completed.

Thank you,

By: **Vaughan, Holly Arlena**

8/28/2023      Vaughan, Holly Arlena,
Attorney-in-Fact, for
HOLLY ARLENA VAUGHAN
Done in good faith.

A notary public or other officer completing this certificate verifies only the identity of the individual(s) who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

VENTURA COUNTY
STATE OF CALIFORNIA, ss:

On August 28th 2023 before me, Cynthia Marlene Soriano (Notary Public), personally appeared **HOLLY ARLENA VAUGHAN**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____ (Notary Seal)
Signature of Notary Public

CYNTHIA MARLENE SORIANO
Notary Public - California
Ventura County
Commission # 2385226
My Comm. Expires Dec 3, 2025

41

*Exhibit M*

# CERTIFICATE OF SERVICE

**Republic/State of** _California_ )
**Subscribed and Affirmed** )
**County of** _Ventura_ )

I, _Cynthia Marlene Soriano_ the undersigned mailer/server, being of sound mind and under no duress, do hereby certify, attest and affirm that the following facts are true and correct, to wit:

1. That, on the **28th of August**, 20**23**, that, on behalf of (name) **HOLLY ARLENA VAUGHAN**, a human being, the undersigned personally deposited the following documents (listed below) inside the envelope, sealed them and transmitted them via the carrier indicated in item 2 below, to wit:

| Item # | Document Description | Number of pages |
|---|---|---|
| 1 | Copy of Certificate of Service | 3 |
| 2 | Copy of endorsed bill of exchange | 1 |
| 3 | Notarized Notice of Default (copy) | 1 |
| 4 | Federal Reserve Act, section 16 (1) + (2) [Exhibit A] | 5 |
| 5 | Federal Reserve Act, section 29 (C) [Exhibit B] | 2 |
| 6 | Copy of Certified mail receipt and Domestic Return Receipt #9589 0710 5270 0617 4121 49, sent on 8/4/2023 | 1 |
| 7 | copy of certified mail receipt and Domestic Return Receipt #9589 0710 5270 0617 4122 93, sent on 8/15/2023 | 1 |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |

Total of **7** documents with combined total of **14** pages.

2. That I personally mailed said document(s) via (initial those which apply):

_____ United States Postal Office, by regular mail, postage prepaid
_____ United States Postal Office, by priority mail, postage prepaid, tracking number:_____
✓ United States Postal Office, by **Certified Mail #** 9589 0710 5270 0618 4380 87
Return Receipt Requested
_____ United Parcel Service (UPS), tracking number # _____
_____ Federal Express, tracking number # _____
_____ Other (specify): _____

*Certificate/Proof/Affidavit of Service*                                              *Page 1 of 2*

at said City and State, one (1) complete set of **ORIGINAL/COPIED (circle one)** documents, as described in item 1 above, properly enveloped and addressed to (addressee(s) and address(es)):

| # | Recipient(s) | |
|---|---|---|
| 1 | James K. Ciroli CFO of Flagstar Bank | 5151 Corporate Drive Troy, MI 48098 |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

3. That I am at least 18 years of age;

4. That I am not related to **HOLLY ARLENA VAUGHAN** by blood, marriage, adoption, or employment, but serve as a "disinterested third party" (herein "Server"); and further,

5. That I am in no way connected to, or involved in or with, the person and/or matter at issue in this instant action.

I now affix my signature to these affirmations.

(Signature) _____, Mailer/Server

(Printed name): Cynthia Marlena Soriano

## NOTARY PUBLIC'S JURAT

Subscribed and sworn to (or affirmed) before me on this 28th day of August , 2023 by

Holly Arlena Vaughan , proved to me on the basis of satisfactory evidence
to be the person(s) who appeared before me

WITNESS my hand and official seal.

*See Attachment for California Jurat* (Notary Public)
SEAL

Notary Public

My Commission Expires On: 12/03/2025

*Certificate/Proof/Affidavit of Service* Page 2 of 2

42

*Exhibit M*

**CALIFORNIA JURAT**

GOVERNMENT CODE § 8202

┌─────────────────────────────────────────────────────────────────────────┐
│ A notary public or other officer completing this certificate verifies only the identity of the individual who signed │
│ the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. │
└─────────────────────────────────────────────────────────────────────────┘

State of California

County of _Ventura_

Subscribed and sworn to (or affirmed) before me on

this _28th_ day of _August_, 20 _23_, by
    *Date*         *Month*              *Year*

(1) _Holly Arlene Vaughan_

(and (2) _____ ),
              *Name(s) of Signer(s)*

proved to me on the basis of satisfactory evidence to
be the person(s) who appeared before me.

CYNTHIA MARLENE SORIANO
Notary Public - California
Ventura County
Commission # 2385226
My Comm. Expires Dec 3, 2025

*Place Notary Seal and/or Stamp Above*

Signature _____
              *Signature of Notary Public*

──────────────────────── **OPTIONAL** ────────────────────────

*Completing this information can deter alteration of the document or*
*fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: _Certificate of Service._

Document Date: _August 28th 2023_                Number of Pages: _1_

Signer(s) Other Than Named Above: _None_

©2019 National Notary Association

Exhibit N



Third notice sent to
James K. Ciroli
CFO of Flagstar Bank
5151 Corporate Drive
Troy, MI 48098

Sent on 08/28/2023.

Delivered on 09/01/2023

*Exhibit O*

 **Office of the Comptroller of the Currency**

September 06, 2023

Holly A. Vaughan
2338 Kipana Ave
VENTURA, CA  93001

Re:  Case # CS0285669

Dear Holly A. Vaughan:

This letter acknowledges receipt of your complaint in the Customer Assistance Group (CAG) of the Office of the Comptroller of the Currency (OCC).

Your complaint appears to involve an issue that does not fall under the direct jurisdiction of our office.

You can submit a complaint about this issue to the Consumer Financial Protection Bureau (CFPB) at https://www.consumerfinance.gov/complaint/.

If you cannot submit a complaint online, you can call the CFPB toll-free at 1 (855) 411-2372 or mail a complaint to the CFPB. Their address is:

<div align="center">

Consumer Financial Protection Bureau

PO Box 27170

Washington, DC 20038

</div>

Please direct all future correspondence about this complaint to the CFPB.

Sincerely,

*Customer Assistance Group*

46

EXHIBIT "O"

Office of the Comptroller of Currency Complaint

Submitted September 5th 2023

On August 4th, 2023 I notified Flagstar Bank that I accept all rights, titles, interest, and equity owed to the principal.

I included the following documents within this notice: an endorsed bill of exchange for account number 441069214, a notarized tender of payment titled, "Claim of Credit", a certified copy of durable power of attorney for HOLLY ARLENA VAUGHAN, a copy of Federal Reserve Act Section 16 with paragraphs 1 and 2 highlighted, the birth certificate for HOLLY ARLENA VAUGHAN.

This notice was sent via certified mail with a notarized Certificate of Service.

The packet of documents arrived on August 8th, 2023. (see Domestic Return Receipt)

Flagstar Bank did not respond or perform within 5 business days.


On August 15th 2023, I notified Flagstar Bank a second time that I accept all rights, titles, interest, and equity owed to the principal.

The second notice included the following documents: a copy of the original endorsed bill of exchange for account number 441069214, a notarized tender of payment titled, "Notice of Default and Opportunity to Cure", a copy of Federal Reserve Act Section 16, Federal Reserve Act Section 29, and a copy of the certified mail receipt for the first notice that was delivered on August 8th, 2023.

The second notice was sent via certified mail with a notarized Certificate of Service.

The packet of documents arrived on August 21st, 2023.


On August 21st, 2023 Flagstar Bank replied to my second notice stating, "Flagstar does not recognize or accept this attempt to satisfy your outstanding mortgage debt; therefore, no additional action can be taken regarding your request to satisfy your loan."


On August 28th, 2023 I notified Flagstar Bank a third time that I accept all rights, titles, interest, and equity owed to the principal.

The third notice included the following documents: a copy of the original endorsed bill of exchange for account number 441069214, a notarized tender of payment titled, "Notice of Default", a copy of Federal Reserve Act Section 16, Federal Reserve Act Section 29, and copies of the certified mail receipts for the first and second notice that was delivered on August 8th, 2023 and August 21st, 2023.

The third notice was sent via certified mail with a notarized Certificate of Service.

The packet of documents arrived on September 1st, 2023.  (see Domestic Return Receipts)


Per Federal Reserve Act section 29 (e) I am now making a complaint to the Comptroller of Currency because this is securities fraud and breach of contract. Flagstar Bank acted with dishonor, failed to perform fiduciary duties, and is not allowing me my right to utilize my securities.

I was only able to attach the notices, the endorsed bill of exchange, and the certified mail receipts due to the large size of the files. Please email me if the rest of the documents are needed.

By: Vaughan, Holly Arlena / agent

Attorney-in-fact for

HOLLY ARLENA VAUGHAN / principal

2