| | |
|---|---|
| 1 | Robert W. Norman, Jr. (SBN 232470) |
| 2 | Alexandra Coronado King (SBN 346621)<br>HOUSER LLP |
| 3 | 9970 Research Drive<br>Irvine, California 92618 |
| 4 | Telephone: (949) 679-1111<br>Facsimile: (949) 679-1112 |
| 5 | E-Mail: bnorman@houser-law.com<br>E-Mail: acoronadoking@houser-law.com |
| 6 | Attorneys for Defendant, |
| 7 | Flagstar Bank, N.A., *erroneously sued as Flagstar Bancorp, Incorporated* |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Holly Arlena Vaughan,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Flagstar Bancorp, Incorporated, and Does 1 through and 10, Inclusive.<br><br>　　　　Defendant(s). | Case No.: 2:23-cv-07951-CBM-MAR<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**[Fed. R. Civ. P. 12(b)(6)]**<br><br>Hearing –<br>Date: November 14, 2023<br>Time: 10:00 a.m.<br>Judge: Honorable Consuelo B. Marshall<br>Place: 350 W. 1st Street,<br>　　　　Los Angeles, Ca 90012<br>　　　　Courtroom 8D, 8th Floor<br><br>Case Filed: September 22, 2023 |

**TO THE COURT, CLERK, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on November 14, 2023, at 10:00 a.m. or as soon thereafter counsel may be heard in Courtroom 8D, 8th Floor OR AS ASSIGNED, in the above captioned court, the First Street United States Courthouse

located at 350 W. 1st Street, Los Angeles, CA, the Honorable Consuelo B. Marshall presiding, defendant Flagstar Bank, N.A., *erroneously sued as Flagstar Bancorp, Incorporated*, ("Defendant"), will and hereby does, move to dismiss with prejudice the Complaint filed by plaintiff Holly Arlena Vaughan ("Plaintiff").

      This motion is made pursuant to the Federal Rules of Civil Procedure 12(b)(6) on the grounds that the Complaint fails to state a claim upon which relief may be granted against Defendant. This motion is based on this Notice and Motion, the attached Memorandum of Points and Authorities in Support; any matters that may or must be judicially noticed; the pleadings and records on file in this action; and any further evidence, arguments, or authorities presented at or before the hearing of this Motion.

      This motion is made following the parties conference, pursuant to L.R. 7-3 which took place on October 11, 2023. The parties met and conferred via telephone to discuss the contents of this motion. Plaintiff did not agree to amend her Complaint.

Dated: October 13, 2023　　　　　　　　　　**HOUSER LLP**

　　　　　　　　　　　　　　　　　　　　　/s/*Robert W. Norman, Jr.*
　　　　　　　　　　　　　　　　　　　　　Robert W. Norman
　　　　　　　　　　　　　　　　　　　　　Alexandra Coronado King
　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant,
　　　　　　　　　　　　　　　　　　　　　Flagstar Bank, N.A., *erroneously sued as Flagstar Bancorp, Incorporated*

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................. 3

II.   FACTUAL BACKGROUND ................................................................................ 3

III.   ARGUMENT ....................................................................................................... 3

    A.  **Plaintiff Fails to Plead a Claim for Breach of Contract** ............................................. 3

    B.  **Plaintiff Fails to State a Claim Under the Federal Reserve Act** ............................... 4

    C.  **Plaintiff Fails to State a Claim Under Section 18 U.S.C. § 1344** .............................. 5

    D.  **Plaintiff Fails to Meet the Pleading Standard Pursuant to Rule 8** ............................ 5

IV.   CONCLUSION ................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Bockari v. J.P. Morgan Chase Bank*, No. 2:13-cv-02603-JAM-EFB, 2016 WL 5234719 (E.D. Cal. Sept. 22, 2016) ....................................................................... 3

*Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371 (1990) ........... 2

*Filippo Indus., Inc. v. Sun Ins. Co. of New York,* 74 Cal.App.4th 1429, 1442, 88 Cal.Rptr.2d 881 (Cal.Ct.App.1999) ........................................................................ 2

*Howard v. First Horizon Home Loan Corp.*, 2013 WL 3146792 (N.D. Cal. June 18, 2013, No. 12-CV-05735-JST) ................................................................................. 2

*McCracken v. Portland General Elec.,* 2011 WL 4036158, at *6 (D. Or. July 19, 2011) ........................................................................................................................ 3

*Otworth v. Southern Pac. Transportation Co.*, 166 Cal. App. 3d 452 (2d Dist. 1985) ................................................................................................................................ 2

*Schneider v. Bank of America, N.A.,* 2012 WL 761975, at *8 (E.D. Cal. Mar. 6, 2012) ........................................................................................................................ 3

*Silver v. Queen's Hosp.*, 53 F.R.D. 223, 226-27 (D. Haw. 1971) ............................ 4

**Statutes**

12 U.S. Code § 411 .................................................................................................. 1
12 U.S. Code § 412 .................................................................................................. 1
12 U.S.C. § 504 ....................................................................................................... 3
12 U.S.C. §§ 411-412 .............................................................................................. 2
18 U.S.C. § 1344 .................................................................................................. 1, 3
U.S. Code § 504 ....................................................................................................... 1

**Rules**

Fed. R. Civ. P. 8(a) .................................................................................................. 4
Fed. R. Civ. P. 8(d) .................................................................................................. 4
Fed. Rules Civ. Proc., Rule 9(b) .............................................................................. 3

2
DEFENDANT ' NOTICE OF REMOVAL

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff is the borrower on a loan secured by real property located in Ventura County, California. Defendant acts as the loan servicer for the subject loan. It's unclear, but the allegations against Defendant seem to be centered around Defendant's role as Plaintiff's loan servicer.

Defendant is forced to bring this Motion because the allegations in the Complaint are vague, conclusory, and insufficient, depriving Defendant of an opportunity to respond and properly defend itself. The factual allegations that Defendant can deduce demonstrate that no plausible claim can be made against Defendant. Plaintiff has not alleged sufficient fact to show the existence of a contract, performance by or excuse for nonperformance by Plaintiff, breach by Defendant, and damages. Plaintiff also cannot maintain a cause of action under sections 12 U.S. Code § 411, 12 U.S. Code § 412, U.S. Code § 504 and 18 U.S.C. § 1344. Given these deficiencies, Defendant respectfully requests this Court dismiss this lawsuit with prejudice.

## II.   FACTUAL BACKGROUND

On December 31, 2020, Plaintiff obtained a loan of $392,400 (the "Note") which was secured against real property 2338 Kipana Avenue, Ventura, CA 93001, (the "Property"), by a first position deed of trust ("Deed of Trust") recorded on January 1, 2007, in Ventura County Recorder's Office as Document No. 20210107-00002857-0. (RJN, Ex. 1.) The Note and Deed of Trust are collectively referred to as the "Loan." Defendant is the acting loan servicer for the Loan.

## III.   ARGUMENT

### A.   Plaintiff Fails to Plead a Claim for Breach of Contract

The Complaint includes only two claims, and both are for breach of contract. (*See* Complaint, Claims 1 and 2, collectively "Breach of Contract Claims"). The Breach of Contract claims both fail because Plaintiff fails to plead facts of (1) a

contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff. *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1388 (1990). Moreover, if a claim for breach of contract is predicated on a written contract, the terms of the contract must be stated verbatim in the complaint or, in the alternative, the contract must be attached to and incorporated into the complaint. *Otworth v. Southern Pac. Transportation Co.*, 166 Cal. App. 3d 452, 458–459 (2d Dist. 1985).

Here, Plaintiff states, "the parties have been in a mortgage contract for the Property since July 1, 2021." (Complaint, ¶5). This allegation is insufficient to establish that a contractual relationship exists between Plaintiff and Defendant. Moreover, the Complaint fails to attach a copy of the alleged agreement or identify what terms Defendant allegedly breached. Even assuming Plaintiff is attempting to state a claim for breach of the Deed of Trust, this claim still fails. Under California law, "an agent cannot be held liable for breach of a duty which flows from a contract to which he is not a party." *Howard v. First Horizon Home Loan Corp.*, 2013 WL 3146792 (N.D. Cal. June 18, 2013, No. 12-CV-05735-JST) quoting *Filippo Indus., Inc. v. Sun Ins. Co. of New York,* 74 Cal.App.4th 1429, 1442, 88 Cal.Rptr.2d 881 (Cal.Ct.App.1999). Here, Defendant is not a party to the Deed of Trust; accordingly, Defendant cannot be held liable for any breaches of the Deed of Trust. (RJN, Ex. 1.) Plaintiff cannot sustain a breach of contract claim without adequately alleging the existence of a contract. For these reasons, Plaintiff's Breach of Contract claims fail.

### B. Plaintiff Fails to State a Claim Under the Federal Reserve Act

Although the Complaint only contains two claims for breach of contract, it also appears that Plaintiff is suing under the "Federal Reserve Act." (Complaint, ¶ 1, ¶6, ¶ 8, ¶10 -12, ¶14-15.) Plaintiff seems to suggest that Defendant violated Section 16 of the Federal Reserve Act, 12 U.S.C. §§ 411-412, which governs the issuance and redemption of Federal Reserve notes. (Complaint, ¶ 15.) As a result,

Plaintiff alleges that Defendant is subject to penalties under the Federal Reserve Act, 12 U.S.C. § 504, which imposes penalties on banks for an array of misconduct. The imposition of civil penalties under this section is carried out by federal officials, and private individuals do not have a private right of action. *Bockari v. J.P. Morgan Chase Bank*, No. 2:13-cv-02603-JAM-EFB, 2016 WL 5234719 (E.D. Cal. Sept. 22, 2016), *report and recommendation adopted* (E.D. Cal. Dec. 27, 2016), 2016 WL 10636364, aff'd sub nom. *Bockari v. JPMorgan Chase & Co.,* 695 F. App'x 309 (9th Cir. 2017). Plaintiff, as an individual, cannot maintain a claim under this section, which provides that any imposed civil penalties shall be assessed and collected by either the Comptroller of the Currency or the board of a State member bank, and deposited into the Treasury. 12 U.S.C. 504(e) and (g). *Id.* Accordingly, Plaintiff fails to state a federal claim under the Federal Reserve Act.

### C. Plaintiff Fails to State a Claim Under Section 18 U.S.C. § 1344

Finally, Plaintiff contends Defendant committed bank fraud in violation of Section 18 U.S.C. § 1344. (Complaint, ¶ 16.) As an initial matter, in alleging fraud, a party must state with particularity the circumstances constituting fraud. Fed. Rules Civ. Proc., Rule 9(b), 28 U.S.C.A. Plaintiff fails to allege fraud with any detail, let alone enough to satisfy Rule 9(b). Additionally, section 18 U.S.C. § 1344, is a criminal statute that does not provide a private cause of action. *Schneider v. Bank of America, N.A.,* 2012 WL 761975, at *8 (E.D. Cal. Mar. 6, 2012); *McCracken v. Portland General Elec.,* 2011 WL 4036158, at *6 (D. Or. July 19, 2011). Plaintiff has therefore failed to state a claim. This claim should be dismissed with prejudice, as granting leave to amend would be futile.

### D. Plaintiff Fails to Meet the Pleading Standard Pursuant to Rule 8

Federal Rules of Civil Procedure ("FRCP") Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P.

8(a). These pleading requirements shall be set forth in separate and discrete paragraphs. FRCP 8(d)(1) provides that "[e]very allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). Plaintiff's Complaint fails to meet the standard set forth by FRCP Rule 8. Plaintiff has not established this court's jurisdiction, identified each claim brought against Defendant, or stated facts demonstrating the existence of a plausible right to relief. *See* Complaint generally,

Adding to the confusion, Plaintiff attached fifteen (15) exhibits to the Complaint without clearly identifying how the attached exhibits support any of her claims. Notably, of the fifteen exhibits attached none are a "mortgage contract" which Plaintiff alleges the parties entered, on or around July 1, 2021. The Complaint's ambiguity renders it impossible for Defendant to adequately respond to the pleading or present a defense. "[N]either the Court nor opposing counsel should be required to expend time and effort searching through large masses of conclusory, argumentative, evidentiary and other extraneous allegations in order to discover whether the essentials of claims asserted can be found in such a mélange." *Silver v. Queen's Hosp.*, 53 F.R.D. 223, 226-27 (D. Haw. 1971). The Complaint must be dismissed because it does not adhere to the requirements of FRCP Rule 8, which mandates a concise and clear statement of the claim for relief against the Defendant.

## IV.   CONCLUSION

For the reasons stated above, Defendant respectfully request this Motion to Dismiss be granted without leave to amend.

Dated: October 13, 2023                         **HOUSER LLP**

　　　　　　　　　　　　　　　　　　　　　　　/s/*Robert W. Norman, Jr.*
　　　　　　　　　　　　　　　　　　　　　　　Robert W. Norman, Jr.
　　　　　　　　　　　　　　　　　　　　　　　Alexandra Coronado King
　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant,
　　　　　　　　　　　　　　　　　　　　　　　Flagstar Bank, N.A., *erroneously sued as Flagstar Bancorp, Incorporated*

# **PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 9970 Research Drive, Irvine, CA 92618.

On October 13, 2023 I served the document(s) described as follows:

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

On the following interested parties in this action:

Holly Arlena Vaughan
2338 Kipana Avenue
Ventura, CA 93001
(805) 861-0165
PRO SE

☒   FIRST CLASS MAIL—By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices. I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Irvine, California, with postage thereon fully prepaid that same day in the ordinary course of business.

I declare under penalty of perjury, under the laws of the United States that the foregoing is true and correct.

Executed on October 13, 2023 at Irvine, California.

_____
Sherie L. Cleere