UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-07951-JVS-MAR | Date | November 20, 2023 |
| Title | Holly Arlena Vaughan v. Flagstar Bancorp, Inc. | | |

Present: The Honorable   **James V. Selna, U.S. District Court Judge**

| Erica Bustos for Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Motion to Dismiss [9]**

Defendant Flagstar Bank, N.A. ("Flagstar"), sued as Flagstar Bancorp, Inc., moves to dismiss Holly Arlena Vaughan's ("Vaughan") Complaint (Compl., Dkt. No. 1). (Mot., Dkt. No. 9.) The motion is unopposed.

For the following reasons, the Court **GRANTS** the motion with prejudice.

**I. BACKGROUND**

According to the Complaint, Vaughan and Flagstar are parties to a mortgage contract for the property located at 2338 Kipana Avenue, Ventura, California, 93001, since July 1, 2021. (Compl. at 2.) Under the terms of the contract, Vaughan is required to make monthly payments of $2,012.56. (Id.) On August 8, 2023, Vaughan notified Flagstar of her intention to pay the $371,083.61 balance on the mortgage. (Id. at 3.) Flagstar did not respond. (Id.) Vaughan's second notice to Flagstar arrived on August 21, 2023. (Id. at 4.) Flagstar responded that same day with the following: "Flagstar does not recognize or accept this attempt to satisfy your outstanding mortgage debt; therefore, no additional action can be taken regarding your request to satisfy your loan. We encourage you to continue making your monthly payment as agreed." (Compl., Ex. K.) Vaughan's third notice arrived on August 28, 2023. (Id. at 5.) Flagstar did not respond. (Id. at 6.)

Vaughan filed her Complaint on September 22, 2023 alleging two causes of action: breach of contract pursuant to 12 U.S.C. § 412 and § 504; and breach of contract and bank fraud pursuant to 18 U.S.C. § 1344.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-07951-JVS-MAR | Date | November 20, 2023 |
| Title | Holly Arlena Vaughan v. Flagstar Bancorp, Inc. | | |

## II. LEGAL STANDARD

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" Id. at 678-80 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

## III. DISCUSSION

Flagstar provides procedural and substantive bases for this motion. The Court proceeds with the three procedural arguments before turning to the substantive arguments.

First, Flagstar argues that the breach of contract claim is insufficient because Vaughan fails to allege the existence of a contract. (Mot. at 4.) Flagstar points out that the Complaint's statement that "the parties have been in a mortgage contract for the Property since July 1, 2021," but instead of attaching the contract or reciting its terms in the Complaint itself, Vaughan attached a copy of the Deed of Trust to which Flagstar is not a party. (Id.) Second, Flagstar contends that, because Vaughan alleges bank fraud, the Complaint is subject to and fails to meet the heightened pleading standard as required by Federal Rule of Civil Procedure 9(b). Relatedly, Flagstar makes an argument relating

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-07951-JVS-MAR | Date | November 20, 2023 |
| Title | Holly Arlena Vaughan v. Flagstar Bancorp, Inc. | | |

to Federal Rule of Civil Procedure Rule 8(a), which provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a).

The Complaint is deficient on a number of grounds. Vaughan's failure to attach or quote the alleged contract leaves the Court no ability with which to determine the plausibility of the allegations. The bank fraud cause of action subjects the Complaint to a heightened pleading standard under Rule 9(b), but the it falls short of pleading with the particularity required. Notwithstanding the applicability of the statute under which the cause of action is brought, the Complaint recites bare facts—that Flagstar did not accept the mortgage balance payment—and then concludes "[t]his is knowingly fraudulent activity." (Compl. ¶ 16.) But a fraud claim requires an allegation with more facts of the fraudulent activity that are missing here.

Flagstar also contends that the federal statutes under which Vaughan brings the two causes of action—12 U.S.C. § 504 and 18 U.S.C. § 1344—are erroneously applied here. (Mot. at 4–5.)

Courts in the Ninth Circuit and elsewhere have recognized that there is no private right of action under 12 U.S.C. § 504, and such claims are instead brought by federal officials.[1] See Bockari v. J.P. Morgan Chase Bank, No. 13-2603, 2016 WL 5234719, at *3 (E.D. Cal. Sept. 22, 2016), report and recommendation adopted, 2016 WL 10636364 (E.D. Cal. Dec. 27, 2016), aff'd sub nom. Bockari v. JPMorgan Chase & Co., 695 F. App'x 309 (9th Cir. 2017); Villalobos v. T-Mobile, No. 3:23-cv-01138, 2023 WL 7383596 (M.D. Pa. Oct. 3, 2023); Murphy v. Capital One, No. 4:23-CV-1120 HEA, 2023 WL 5929340 (E.D. Mo. Sept. 12, 2023); Whyte v. Collins, No. 3:23-cv-1303-X-BN, 2023 WL 5673121, at *2 (N.D. Tex. Aug. 14, 2023); Benz-Puente v. Truist Fin., No. 23-cv-2682, 2023 WL 4763998, at *2 (E.D. Pa. July 26, 2023). Here, Vaughan brings a breach of contract claim under 12 U.S.C. § 504, but as the statute and case law make clear, no such action may be brought.

---

[1] Similarly, there is no private right of action under 12 U.S.C. § 412. The statute pertains to the requirement of collateral in exchange for Federal Reserve notes and has no applicability here. See 12 U.S.C. § 412.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-07951-JVS-MAR | Date | November 20, 2023 |
| Title | Holly Arlena Vaughan v. Flagstar Bancorp, Inc. | | |

Likewise, courts have overwhelmingly dismissed cases brought by private individuals seeking to assert claims under 18 U.S.C. § 1344 because it is a criminal statute that confers no private right of action. See Schneider v. Bank of America N.A., No. 2:11-cv-2953 LKK DAD PS, 2012 WL 761975, at *8 (E.D. Cal. Mar. 6, 2012) ("Plaintiff's amended complaint also alleges causes of action for bank fraud (18 U.S.C. § 1344(2)) . . . [this] provision[], however, [is a] criminal statute[] that do[es] not provide a private cause of action or a basis for civil liability."); Edmonds v. Seavey, 2009 WL 2949757, at *6 (S.D.N.Y. Sept. 15, 2009) ("[T]here is no private cause of action under 18 U.S.C. § 1344."); Milgrom v. Burstein, 374 F. Supp. 2d 523, 528–29 (E.D.Ky.2005) (finding "no cognizable civil action flowing from the bank fraud statutes . . . 18 U.S.C. §§ 1344 and 1014."); McCracken v. Portland Gen. Elec., No. CV-10-937-ST, 2011 WL 4036158, at *6 (D. Or. July 19, 2011), report and recommendation adopted, No. 3:10-CV-937-ST, 2011 WL 4043585 (D. Or. Sept. 12, 2011) (dismissing a private individual's bank fraud claim under 18 U.S.C. § 1344 because it "is a criminal statute" and provides no private right of action). Here, Vaughan brings a claim of "breach of contract and bank fraud" under 18 U.S.C. § 1344, but this claim, too, is not available for a private individual to make.

While the procedural deficiencies might have been curable, the substance of the claims to the extent they are brought under 12 U.S.C. § 504 and 18 U.S.C. § 1344 are not. Further amendment would be futile. Therefore, the Court dismisses both claims without leave to amend.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion with prejudice.

**IT IS SO ORDERED.**