1
2
3
4
5

Holly Arlena Vaughan
2338 Kipana Avenue,
Ventura, California, 93001
Email: hollyvaughan93@gmail.com
805.861.0165
Plaintiff: in Pro Per

**FILED**
CLERK, U.S. DISTRICT COURT

DEC 18 2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ rsm _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

6
7
8

HOLLY ARLENA VAUGHAN

9
10

Plaintiff

v.

11
12

FLAGSTAR BANCORP. Inc. and
Does 1 through and 10, Inclusive,

13
14

Defendant(s)

15
16
17
18
19
20
21
22

Case No.:CV23-7951-JVS-MAR

**PLAINTIFF HOLLY ARLENA VAUGHAN'S ATTORNEY-IN-FACT DECLARATION IN SUPPORT OF PLAINTIFF HOLLY ARLENA VAUGHAN'S NOTICE OF MOTION AND MOTION OF MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE, FOR LEAVE TO AMEND THE COMPLAINT OR FOR A WRITTEN ORDER OF DECISION**

**[Fed. R. Civ. P. 59(e) and 60(b)]**

Date: January 22, 2024
Time: 1:30 p.m.
Courtroom: 10C
Judge: James V. Selna
Place: 411 W. 4th Street Court
        Santa Ana, Ca, 92701

Action Filed: September 22, 2023

23
24

## DECLARATION OF HOLLY ARLENA VAUGHAN'S ATTORNEY-IN-FACT IN SUPPORT TO ARUGMENT

25
26
27

1. I, Holly Arlena Vaughan, Attorney-in-Fact for Plaintiff HOLLY ARLENA

28

VAUGHAN TRUST to this action, declare and state as follows:

2.  I am the Attorney-in-Fact for Plaintiff HOLLY ARLENA VAUGHAN, which is a trust, and am lawful to bring such action under 28 U.S.C §1331 to arises pursuant to 12 U.S.C §411, 12 U.S.C §412, 12 U.S.C §504, and 18 U.S.C §1344 for the purpose of the trust therein, plaintiff's complaint once amended will not be mistaken as a private individual right of action by either the Court or Defendant, See Exhibit "A" attached hereto by reference and incorporated hereto.

3.  Plaintiff believes that the court has error in its standard review, therefore the records of the court are a necessary element to show defendant's notice and motion to dismiss should not have been heard until all defective issues on the notice had been completely corrected; and that plaintiff should have been informed of the change of place the hearing was being taken at.

4.  On August 4th, 2023, defendant was notified of the trust and the attorney-in-fact for: HOLLY ARLENA VAUGHAN, a trust and which defendant received the Power of Attorney, which Defendant never disputed, See Exhibit "A" attached hereto by reference and incorporated herein.

5.  On August 4th 2023, defendant was notified of Notice of Claim of Credit, signed by attorney-in-fact, which Defendant never disputed, See Exhibit "B" attached hereto by reference and incorporated herein.

6.  On August 15, 2023, defendant was notified of Notice of Default and Opportunity to Cure, signed by attorney-in-fact, which Defendant never disputed, See Exhibit "C"

2

attached hereto by reference and incorporated herein.

7. On August 28, 2023, defendant was notified of Notice of Default, signed by attorney-in-fact, which Defendant never disputed, Sec Exhibit "D" attached hereto by reference and incorporated herein.

8. On September 22, 2023 the Case No. CV23-7951-CBMx was filed on behalf of HOLLY ARLENA VAUGHAN, a trust.

9. On October 13, 2023, thereupon the record of the courts, Docket No. 9, I received a Notice and Notice of Motion to Dismiss the complaint from Defendant, Flagstar Bancorp which gave notice to the following:
   (a) Hearing date: November 14, 2023;
   (b) Time: 10:00 a.m.;
   (c) Judge: Honorable Consuelo B. Marshall;
   (d) Place: 350 W. 1st Street, Los Angeles, Ca 90012;
   (e) Courtroom: 8D, 8th Floor;

Defendant's Notice and Motion to dismiss is defective to exit as notice was properly given: See Exhibit "E" attached hereto by reference and incorporated herein.

10. On October 13, 2023, thereupon the record of the courts, Docket No. 11, plaintiff became aware that the Court filed a Notice of Deficiencies thereto Defendant's Notice and Notice of Motion to Dismiss which stated the following:

    "NOTICE TO FILER OF DEFICINCIES in Electronically Filed Document RE: NOTICE OF MOTION AND MOTION to Dismiss Case 9. The following error(s) was/were found: Hearing information is missing, incorrect, or untimely. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (es)";

See Exhibit "F" attached hereto by reference and incorporated herein.

3
PLAINTIFF HOLLY ARLENA VAUGHAN DECLARATION IN SUPPORT OF MOTION FOR
RECONSIDERATION, OR IN THE ALTERNATIVE, FOR LEAVE TO AMEND THE COMPLAINT

3

11. On October 13, 2023, thereupon the record of the courts, Docket No.12, an initial order following filing of complaint assigned to judge James V. Selna, See Exhibit "G" attached hereto by reference and incorporated herein.

12. On October 16, 2023, thereupon the record of the courts, Docket No. 13:

"RESPONSE BY THE COURT TO NOTICE TO FILER OF DEFICIENCIES IN FILED DOCUMENT RE: NOTICE OF MOTION AND MOTION to dismiss Case 9 by Judge James V. Selna. The hearing date has been rescheduled. Motion set for hearing on Monday, 11/13/2023 at 01:30PM before Judge James V. Selna. (es)",

This notice failed to correct the place where Judge James V. Selna was to hear the motion, See Exhibit "H" attached hereto by reference and incorporated herein.

13. On October 16, 2023, thereupon the record of the courts, Docket No.13 plaintiff became aware the hearing date was rescheduled to which the court errored to correct the place.

14. On November 9, 2023, thereupon the record of the court, Docket No. 15- text only[IN CHAMBERS] again rescheduled Defendant's Motion to dismiss for November 20, 2023 at 1:30 p.m. The plaintiff once again was not given proper notice of change of venue, therein was unaware of the place at which the hearing was conducted and was left to assume it was to be attended in Los Angeles. See Exhibit "I" attached hereto by reference and incorporated herein.

15. On November 17, 2023, thereupon the record of the court, Dockets No. 18 and 21 Plaintiff E-filed its response because it appeared the defective notice by defendant was going to remain deficient, but the courts were going to entertain regardless of properly

informing plaintiff. See Exhibit "J" attached hereto by reference and incorporated herein.

16. On November 20, 2023, thereupon the record of the court, Docket No. 17, Defendant filed Notice of Appearance or Withdrawal of Counsel to the original court assigned to the Case, See Exhibit "K" attached hereto by reference and incorporated herein.

17. On November 20, 2023, thereupon the record of the court, Docket No. 20: MINUTES (IN CHAMBERS) states that both plaintiff and defendant did not attend the hearing, See Exhibit "L" attached hereto by reference and incorporated herein.

18. Thereupon the record of the court, Docket No. 20, clearly shows both plaintiff and defendant did not attend, but Judge James V. Selna only focused on the record of the court claiming plaintiff never filed a response therefore the motion is unopposed, therefore based on not seeing the E-Filed response from plaintiff, granted the motion with prejudice.

19. Regardless of plaintiff E-filing the response to oppose, the notice and motion to dismiss was still defective.

20. Plaintiff emailed opposing counsel to confirm the location listed on defendant's moving papers. Defendant's counsel had opportunity to inform plaintiff of their errors on the motion before the hearing and failed. See Exhibit "M" attached hereto by reference and incorporated herein.

21. When the Judge on the case was changed, it did not create a substitution for motion to change venue and plaintiff could not assume this would be the situation.

22. At approximately 2:40 pm on November 20, 2023 the Courtroom Clerk therein in Santa Ana called plaintiff inquiring plaintiff's whereabouts, and discovered plaintiff response was E-Filed but never processed into the system to allow the Judge to review. The Courtroom Clerk was informed that defendant's notice and motion to dismiss gave the wrong place: 350 W. 1st Street, Los Angeles, Ca, 90012, therein the notice intended under Rule 12(b)(6) was declared by the courts themselves to be defective and remain so to the date of the hearing, therefore Court to error in believing plaintiff was in default to why the court decision was to dismiss with prejudice.

23. The original case number was filed as 2:23-CV-07951-CBM-MARx and without proper notification it was changed to 2:23-CV-07951-JVS-MAR which interfered with the filing of the plaintiff's response to defendant's motion to dismiss which created confusion and reason why Judge James V. Selna did not receive plaintiff's opposition timely.

24. Plaintiff knows of no prejudice to any party as a result of the granting of this motion.

25. This motion is made in good faith for the reasons set forth above and not for the purpose of delay.


I declare under penalty of perjury that the foregoing is true and correct.

Dated: December, 18 , 2023

Respectfully submitted,

Holly Arlena Vaughan

Holly Arlena Vaughan
Attorney-in-Fact For: Plaintiff

PLAINTIFF HOLLY ARLENA VAUGHAN DECLARATION IN SUPPORT OF MOTION FOR
RECONSIDERATION, OR IN THE ALTERNATIVE, FOR LEAVE TO AMEND THE COMPLAINT

DECLARATION
EXHIBIT "A"

7

RECORDING REQUESTED BY & WHEN
RECORDED MAIL TO:

Holly Vaughan

2338 Kipang Ave
Ventura CA 93001

Recorded In Official Records
County of Santa Barbara
Joseph E. Holland
County Clerk-Recorder

## DOC# 2023-0020991

| 07/20/2023 | Titles: 1 | Pages: 9 |
| 11:53 AM | | |
| SBC | Fees | $38.00 |
| | Taxes | $0.00 |
| E49 | CA SB2 Fee | $75.00 |
| | Total | $113.00 |

Power of Attorney
(Please fill in document title(s) on this line)

THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION
(Additional recording fee applies)

8

# DURABLE POWER OF ATTORNEY

## Notice to Person Executing Durable Power of Attorney

A durable power of attorney is an important legal document. By signing the durable power of attorney, you are authorizing another person to act for you, the principal. Before you sign this durable power of attorney, you should know these important facts:

Your agent (attorney-in-fact) has no duty to act unless you and your agent agree otherwise in writing. This document gives your agent the powers to manage, dispose of, sell, and convey your real and personal property, and to use your property as security if your agent borrows money on your behalf. This document does not give your agent the power to accept or receive any of your property, in trust or otherwise, as a gift, unless you specifically authorize the agent to accept or receive a gift.

Your agent will have the right to receive reasonable payment for services provided under this durable power of attorney, unless you provide otherwise in this power of attorney.

The powers you give your agent will continue to exist for your entire lifetime, unless you state that the durable power of attorney will last for a shorter period of time or unless you otherwise terminate the durable power of attorney. The powers you give your agent in this durable power of attorney will continue to exist even if you can no longer make your own decisions respecting the management of your property.

You can amend or change this durable power of attorney only by executing a new durable power of attorney or by executing an amendment through the same formalities as an original. You have the right to revoke or terminate this durable power of attorney at any time, so long as you are competent.

This durable power of attorney must be dated and must be acknowledged before a notary public or attested to by 2 witnesses. A durable power of attorney that may affect real property should be acknowledged before a notary public so that it may easily be recorded.

You should read this durable power of attorney carefully. When effective, this durable power of attorney will give your agent the right to deal with property that you now have or might acquire in the future. The durable power of attorney is important to you. If you do not

understand the durable power of attorney, or any provision of it, then you should obtain the assistance of an attorney or other qualified person.

NOTICE: THE POWERS GRANTED BY THIS DOCUMENT ARE BROAD AND SWEEPING. THEY ARE EXPLAINED IN THE UNIFORM STATUTORY FORM POWER OF ATTORNEY ACT (CALIFORNIA PROBATE CODE SECTIONS 4400-4465). IF YOU HAVE ANY QUESTIONS ABOUT THESE POWERS, OBTAIN COMPETENT LEGAL ADVICE. THIS DOCUMENT DOES NOT AUTHORIZE ANYONE TO MAKE MEDICAL AND OTHER HEALTHCARE DECISIONS FOR YOU. YOU MAY REVOKE THIS POWER OF ATTORNEY IF YOU LATER WISH TO DO SO.

I, HOLLY ARLENA VAUGHAN, residing at 1207 Moreno Drive, Ojai, California, 93023, telephone number 8058362405, and email address hollyarlenavaughan@gmail.com, appoint Vaughan, Holly Arlena of 2338 Kipana Ave, Ventura, California, 93001, telephone number 8058610165, and email address hollyvaughan93@gmail.com, as my agent (attorney-in-fact) to act for me in any lawful way with respect to the following initialed subjects.

This Power of Attorney shall not be affected by my subsequent incapacity.

All acts done by the Agent pursuant to a durable power of attorney during the principal's incapacity have the same effect, power, authority, and inure to the benefit of and bind the principal and the principal's successors in interest as if the principal had capacity. This power shall authorize my Agent to manage my affairs and to exercise all of my legal rights, including rights and powers acquired in the future. My Agent's authorized, but not limited to, exercise the power to:

(INITIAL each subject you want to include in the agent's general authority.)

H.A.V.  Real estate transactions
H.A.V.  Tangible personal property transactions
H.A.V.  Stock and bond transactions
H.A.V.  Commodity and option transactions
H.A.V.  Banking and other financial institution transactions
H.A.V.  Business operating transactions
H.A.V.  Insurance and annuity transactions
H.A.V.  Estate, Trust, and other Beneficiary Transactions

H.A.V. Claims and Litigation
H.A.V. Personal and Family Maintenance
H.A.V. Benefits from social security Medicare, Medicaid, or other Governmental Programs
or Civil or Military Service
H.A.V. Retirement benefit transactions
H.A.V. Tax matters

I hereby revoke or terminate any and all general powers of attorney and special powers of attorney that previously have been signed by me.

SPECIAL INSTRUCTIONS APPLICABLE TO AGENT COMPENSATION: My agent is entitled to reasonable compensation for services rendered to the principal and to reimbursement for reasonable expenses incurred as a result of acting as agent.

## GRANT OF SPECIFIC AUTHORITY

My agent MAY NOT do any of the following specific acts for me UNLESS I have INITIALED the specific authority listed below:

(CAUTION: Granting any of the following will give your agent the authority to take actions that could significantly reduce your property or change how your property is distributed at your death. Consultation with an attorney is recommended before granting any of these specific powers.)

H.A.V. Create, amend, revoke, or terminate an inter vivos trust

H.A.V. Make a gift subject to the limitations under federal law and any Special Instructions under this Power of Attorney

H.A.V. Create or change rights of survivorship

H.A.V. Create or change a beneficiary designation

H.A.V. Authorize another person to exercise the authority granted under this power of attorney

H.A.V. Waive the principal's right to be a beneficiary of a joint and survivor annuity,

including a survivor benefit under a retirement plan

H.A.V. Access the content of electronic communications

H.A.V. Exercise fiduciary powers that the principal has authority to delegate

H.A.V. Disclaim or refuse an interest in property, including a power of appointment

This Power of Attorney shall be construed broadly as a General Power of Attorney. The listing of specific powers is not intended to limit or restrict the general powers granted in this Power of Attorney in any manner.

Any power or authority granted to my Agent under this document shall be limited to the extent necessary to prevent this Power of Attorney from causing, (i) my income to be taxable to my Agent, (ii) my assets to be subject to a general power of appointment by my Agent, or (iii) my Agent to have any incidents of ownership with respect to any life insurance policies that I may own on the life of my Agent.

## RESTRICTION ON AGENT'S AUTHORITY

An agent that is not my ancestor, spouse, or descendant MAY NOT use my property to benefit the agent or a person to whom the agent owes an obligation of support unless I have included that authority in the Special Instructions.

## SPECIAL INSTRUCTIONS

ON THE FOLLOWING LINES, YOU MAY GIVE SPECIAL INSTRUCTIONS LIMITING OR EXTENDING THE POWERS GRANTED TO YOUR AGENT:

Do your job well and I'll reward you.

THIS POWER OF ATTORNEY IS NOT AFFECTED BY MY SUBSEQUENT INCAPACITY.

My Agent shall not be liable for any loss that results from a judgment error that was made in good faith. However, my Agent shall be liable for willful misconduct or the failure to act in good faith while acting under the authority of this Power of Attorney. A Successor Agent shall

not be liable for acts of a prior Agent.

My Agent is entitled to reasonable payment for services provided under this power of attorney. My Agent is also entitled to reimbursement of all reasonable expenses incurred in acting under this Power of Attorney.

My Agent shall provide an accounting for all funds handled, and all acts performed at any time upon my request or the request of any authorized personal representative, fiduciary, or court of record acting on my behalf. If so requested, within 30 days the agent shall comply with the request or provide a writing or other record substantiating why additional time is needed and shall comply with the request within an additional 30 days.

This Power of Attorney shall be governed by the laws of the state of California. Moreover, I intend to have this Power of Attorney universally recognized and be admissible to recordation. In case that I become a resident of another jurisdiction, or obtain any form of property interest in another jurisdiction, it remains my intention that the laws of California shall continue to govern over this Power of Attorney to the extent that might be legally possible.

This Power of Attorney takes effect immediately and shall not be affected by my disability or lack of mental competence, except as may be provided otherwise by an applicable state statute. This is a Durable Power of Attorney. This Power of Attorney may be revoked by me at any time by providing written notice to my Agent.

Dated __July 19th__, 2023, at Ventura, California.


HOLLY ARLENA VAUGHAN *(signature)*
HOLLY ARLENA VAUGHAN



Witness Signature: *Ezequiel Hernandez*
Name: Ezequiel Hernandez
Address: 4944 Telephone Rd Ventura CA
Telephone number: 805-535-4053
Email address: _____



Witness Signature: *(signature)*
Name: Antonio Guerrero
Address: 4944 Telephone Rd Ventura CA
Telephone number: 805-535-4053
Email address: _____

## Notice to Person Accepting the Appointment as Attorney-in-Fact

By acting or agreeing to act as the agent (attorney-in-fact) under this power of attorney, you assume the fiduciary and other legal responsibilities of an agent. These responsibilities include:

1. The legal duty to act solely in the interest of the principal and to avoid conflicts of interest.

2. The legal duty to keep the principal's property separate and distinct from any other property owned or controlled by you.

You may not transfer the principal's property to yourself without full and adequate consideration or accept a gift of the principal's property unless this power of attorney specifically authorizes you to transfer property to yourself or accept a gift of the principal's property. If you transfer the principal's property to yourself without specific authorization in the power of attorney, you may be prosecuted for fraud and/or embezzlement. If the principal is 65 years of age or older at the time that the property is transferred to you without authority, you may also be prosecuted for elder abuse under Penal Code Section 368. In addition to criminal prosecution, you may also be sued in civil court.

I have read the foregoing notice and I understand the legal and fiduciary duties that I assume by acting or agreeing to act as the agent (attorney-in-fact) under the terms of this power of attorney.

Date:
Signed:

_Vaughan, Holly Arlena_
Vaughan, Holly Arlena

A notary public or other officer completing this certificate verifies only the identity of the individual(s) who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

**VENTURA COUNTY**
**STATE OF CALIFORNIA,** ss:

On July 19, 2023 before me, Jorce m Hernandez , personally appeared HOLLY ARLENA VAUGHAN, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies); and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

JORGE M. HERNANDEZ
Notary Public • California
Ventura County
Commission # 2416623
My Comm. Expires Sep 18, 2026

(Notary Seal)

**Signature of Notary Public**

This is a true certified copy of the original document on file or of record in my office. It bears the seal and signature, imprinted in purple ink of the County Clerk, Recorder and Assessor.

COUNTY CLERK, RECORDER AND ASSESSOR, SANTA BARBARA CALIFORNIA
DATE: 08/18/2023          BY DEPUTY: 

Adrienne Koroshec

17

DECLARATION

EXHIBIT "B"

18

# Notice of Claim of Credit

I, Vaughan, Holly Arlena/agent, on behalf of HOLLY ARLENA VAUGHAN/principal, hereby accept all titles, rights, interest, and equity Owed to HOLLY ARLENA VAUGHAN/principal.
I hereby instruct Chief Financial Officer of Flagstar Bank, James K. Ciroli, to apply the principal's balance to the principal's account #441069214 for set-off.

I also instruct Chief Financial Officer of Flagstar Bank, James K. Ciroli, to communicate in writing within five (5) business days once instructions are completed.
If instructions are not completed, I instruct Chief Financial Officer of Flagstar Bank, James K. Ciroli, to respond in writing within five (5) business days giving reason for non-performance of fiduciary duties.

If no communication is made within five (5) business days I, Vaughan, Holly Arlena/agent, on behalf of HOLLY ARLENA VAUGHAN/principal can assume that instructions have been completed.

Thank you,

By: **Vaughan, Holly Arlena**

Vaughan, Holly Arlena,
Attorney-in-Fact, for
HOLLY ARLENA VAUGHAN
Done in good faith.

---

A notary public or other officer completing this certificate verifies only the identity of the individual(s) who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

VENTURA COUNTY
STATE OF CALIFORNIA, ss:

On _August 4th 2023_ before me, _Cynthia Marlene Soriano_, personally appeared **HOLLY ARLENA VAUGHAN**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____ (Notary Seal)
Signature of Notary Public

CYNTHIA MARLENE SORIANO
Notary Public - California
Ventura County
Commission # 2385226
My Comm. Expires Dec 3, 2025

19

1

DECLARATION

EXHIBIT "C"

20

Notice of Default and Opportunity to Cure

I, Vaughan, Holly Arlena/agent, on behalf of HOLLY ARLENA VAUGHAN/principal, hereby accept all titles, rights, interest, and equity owed to HOLLY ARLENA VAUGHAN/principal.

I hereby instruct the Chief Financial Officer of Flagstar Bank, James K. Ciroli, and all assigns and successors, to apply the principal's balance to the principal's account #441069214 for set-off.

It was also my intent to instruct the Chief Financial Officer of Flagstar Bank, James K. Ciroli, and all assigns and successors, to release the lien immediately. And per my intent, I instruct the Chief Financial Officer of Flagstar Bank, James K. Ciroli, and all assigns and successors, to release the lien immediately, and send a certified copy of the release via certified mail to this address:

Holly Arlena Vaughan
2338 Kipana Avenue
Ventura, CA 93001

I also instruct the Chief Financial Officer of Flagstar Bank, James K. Ciroli, and all assigns and successors, to communicate in writing within five (5) business days once instructions are completed.
If instructions are not completed, I instruct the Chief Financial Officer of Flagstar Bank, James K. Ciroli, and all assigns and successors, to respond in writing within five (5) business days giving reason for non-performance of fiduciary duties.

If no communication is made within five (5) business days I, Vaughan, Holly Arlena/agent, on behalf of HOLLY ARLENA VAUGHAN/principal can assume that instructions have been completed.

Thank you,

By: _Vaughan, Holly Arlena_ AV

8/14/2023

Vaughan, Holly Arlena,
Attorney-in-Fact, for
HOLLY ARLENA VAUGHAN
Done in good faith.

---

A notary public or other officer completing this certificate verifies only the identity of the individual(s) who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

VENTURA COUNTY
STATE OF CALIFORNIA, ss:

On 08/14/2023 before me, Jorge Hernandez Notary Public , personally appeared HOLLY ARLENA VAUGHAN, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature of Notary Public _____ (Notary Seal)

JORGE M. HERNANDEZ
Notary Public - California
Ventura County
Commission # 2416623
My Comm. Expires Sep 15, 2024

21

1

DECLARATION

EXHIBIT "D"

22

Notice of Default

I, Vaughan, Holly Arlena/agent, on behalf of HOLLY ARLENA VAUGHAN/principal, hereby accept all titles, rights, interest, and equity owed to HOLLY ARLENA VAUGHAN/principal.

I hereby instruct the Chief Financial Officer of Flagstar Bank, James K. Ciroli, and indentured trustee, to apply the principal's balance to the principal's account #441069214 for set-off.

It was also my intent to instruct the Chief Financial Officer of Flagstar Bank, James K. Ciroli, and indentured trustee, to release the lien immediately. And per my intent, I instruct the Chief Financial Officer of Flagstar Bank, James K. Ciroli, and indentured trustee, to release the lien immediately, and send a certified copy of the release via certified mail to this address:

Holly Arlena Vaughan
2338 Kipana Avenue
Ventura, CA 93001

I also instruct the Chief Financial Officer of Flagstar Bank, James K. Ciroli, and indentured trustee, to communicate in writing within five (5) business days once instructions are completed.
If instructions are not completed, I instruct the Chief Financial Officer of Flagstar Bank, James K. Ciroli, and indentured trustee, to respond in writing within five (5) business days giving reason for non-performance of fiduciary duties.

If no communication is made within five (5) business days I, Vaughan, Holly Arlena/agent, on behalf of HOLLY ARLENA VAUGHAN/principal can assume that instructions have been completed.

Thank you,

By: _Vaughan, Holly Arlena_

8/28/2023

Vaughan, Holly Arlena,
Attorney-in-Fact, for
HOLLY ARLENA VAUGHAN
Done in good faith.

---

A notary public or other officer completing this certificate verifies only the identity of the individual(s) who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

VENTURA COUNTY
STATE OF CALIFORNIA, ss:

On _August 28th 2023_ before me, _Cynthia Marlene Soriano_ (Notary Public), personally appeared **HOLLY ARLENA VAUGHAN**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature of Notary Public

(Notary Seal)

CYNTHIA MARLENE SORIANO
Notary Public - California
Ventura County
Commission # 2385226
My Comm. Expires Dec 3, 2025

23

DECLARATION

EXHIBIT "E"

24

1  Robert W. Norman, Jr. (SBN 232470)
   Alexandra Coronado King (SBN 346621)
2  HOUSER LLP
   9970 Research Drive
3  Irvine, California 92618
   Telephone: (949) 679-1111
4  Facsimile: (949) 679-1112
   E-Mail: bnorman@houser-law.com
5  E-Mail: acoronadoking@houser-law.com

6  Attorneys for Defendant,
   Flagstar Bank, N.A., *erroneously sued as Flagstar Bancorp, Incorporated*
7
                    **UNITED STATES DISTRICT COURT**
8
                    **CENTRAL DISTRICT OF CALIFORNIA**
9

10  Holly Arlena Vaughan,                    | Case No.: 2:23-cv-07951-CBM-MAR

11                Plaintiff,                  | **DEFENDANT'S NOTICE OF
                                             | MOTION AND MOTION TO
12                                           | DISMISS THE COMPLAINT,
         v.                                   | MEMORANDUM OF POINTS
13                                           | AND AUTHORITIES IN
                                             | SUPPORT**
14  Flagstar Bancorp, Incorporated, and     |
    Does 1 through and 10, Inclusive.        | **[Fed. R. Civ. P. 12(b)(6)]**
15
                                             | Hearing –
16            Defendant(s).                   | Date:  November 14, 2023
                                             | Time: 10:00 a.m.
17                                           | Judge: Honorable Consuelo B. Marshall
                                             | Place: 350 W. 1st Street,
18                                           |        Los Angeles, Ca 90012
                                             |        Courtroom 8D, 8th Floor
19

20

21                                          | Case Filed: September 22, 2023

22

23

24  **TO THE COURT, CLERK, ALL PARTIES, AND THEIR COUNSEL OF**

25  **RECORD:**

26      PLEASE TAKE NOTICE that on November 14, 2023, at 10:00 a.m. or as

27  soon thereafter counsel may be heard in Courtroom 8D, 8th Floor OR AS

28  ASSIGNED, in the above captioned court, the First Street United States Courthouse

1  located at 350 W. 1st Street, Los Angeles, CA, the Honorable Consuelo B. Marshall
2  presiding, defendant Flagstar Bank, N.A., *erroneously sued as Flagstar Bancorp,*
3  *Incorporated*, ("Defendant"), will and hereby does, move to dismiss with prejudice
4  the Complaint filed by plaintiff Holly Arlena Vaughan ("Plaintiff").

5      This motion is made pursuant to the Federal Rules of Civil Procedure
6  12(b)(6) on the grounds that the Complaint fails to state a claim upon which relief
7  may be granted against Defendant. This motion is based on this Notice and Motion,
8  the attached Memorandum of Points and Authorities in Support; any matters that
9  may or must be judicially noticed; the pleadings and records on file in this action;
10  and any further evidence, arguments, or authorities presented at or before the
11  hearing of this Motion.

12      This motion is made following the parties conference, pursuant to L.R. 7-3
13  which took place on October 11, 2023. The parties met and conferred via telephone
14  to discuss the contents of this motion. Plaintiff did not agree to amend her
15  Complaint.

Dated: October 13, 2023

        **HOUSER LLP**

        /s/*Robert W. Norman, Jr.*
        Robert W. Norman
        Alexandra Coronado King
        Attorneys for Defendant,
        Flagstar Bank, N.A., *erroneously*
        *sued as Flagstar Bancorp,*
        *Incorporated*

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................. 3

II. FACTUAL BACKGROUND ................................................................................ 3

III. ARGUMENT ....................................................................................................... 3

A. Plaintiff Fails to Plead a Claim for Breach of Contract ................................. 3

B. Plaintiff Fails to State a Claim Under the Federal Reserve Act ..................... 4

C. Plaintiff Fails to State a Claim Under Section 18 U.S.C. § 1344 ................... 5

D. Plaintiff Fails to Meet the Pleading Standard Pursuant to Rule 8 ................. 5

IV. CONCLUSION ..................................................................................................... 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT ' NOTICE OF REMOVAL

# TABLE OF AUTHORITIES

**Cases**

*Bockari v. J.P. Morgan Chase Bank*, No. 2:13-cv-02603-JAM-EFB, 2016 WL 5234719 (E.D. Cal. Sept. 22, 2016) ........................................................................... 3

*Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371 (1990) ........... 2

*Filippo Indus., Inc. v. Sun Ins. Co. of New York*, 74 Cal.App.4th 1429, 1442, 88 Cal.Rptr.2d 881 (Cal.Ct.App.1999) ..................................................................... 2

*Howard v. First Horizon Home Loan Corp.*, 2013 WL 3146792 (N.D. Cal. June 18, 2013, No. 12-CV-05735-JST) ............................................................................... 2

*McCracken v. Portland General Elec.*, 2011 WL 4036158, at \*6 (D. Or. July 19, 2011) ................................................................................................................... 3

*Otworth v. Southern Pac. Transportation Co.*, 166 Cal. App. 3d 452 (2d Dist. 1985) ................................................................................................................... 2

*Schneider v. Bank of America, N.A.*, 2012 WL 761975, at \*8 (E.D. Cal. Mar. 6, 2012) ................................................................................................................... 3

*Silver v. Queen's Hosp.*, 53 F.R.D. 223, 226-27 (D. Haw. 1971) ............................ 4

**Statutes**

12 U.S. Code § 411 ..................................................................................................... 1

12 U.S. Code § 412 ..................................................................................................... 1

12 U.S.C. § 504 .......................................................................................................... 3

12 U.S.C. §§ 411-412 ................................................................................................. 2

18 U.S.C. § 1344 ..................................................................................................... 1, 3

U.S. Code § 504 ......................................................................................................... 1

**Rules**

Fed. R. Civ. P. 8(a) .................................................................................................... 4

Fed. R. Civ. P. 8(d) .................................................................................................... 4

Fed. Rules Civ. Proc., Rule 9(b) ............................................................................... 3

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff is the borrower on a loan secured by real property located in Ventura County, California. Defendant acts as the loan servicer for the subject loan. It's unclear, but the allegations against Defendant seem to be centered around Defendant's role as Plaintiff's loan servicer.

Defendant is forced to bring this Motion because the allegations in the Complaint are vague, conclusory, and insufficient, depriving Defendant of an opportunity to respond and properly defend itself.  The factual allegations that Defendant can deduce demonstrate that no plausible claim can be made against Defendant. Plaintiff has not alleged sufficient fact to show the existence of a contract, performance by or excuse for nonperformance by Plaintiff, breach by Defendant, and damages. Plaintiff also cannot maintain a cause of action under sections 12 U.S. Code § 411, 12 U.S. Code § 412, U.S. Code § 504 and 18 U.S.C. § 1344. Given these deficiencies, Defendant respectfully requests this Court dismiss this lawsuit with prejudice.

### II.   FACTUAL BACKGROUND

On December 31, 2020, Plaintiff obtained a loan of $392,400 (the "Note") which was secured against real property 2338 Kipana Avenue, Ventura, CA 93001, (the "Property"), by a first position deed of trust ("Deed of Trust") recorded on January 1, 2007, in Ventura County Recorder's Office as Document No. 20210107-00002857-0. (RJN, Ex. 1.) The Note and Deed of Trust are collectively referred to as the "Loan." Defendant is the acting loan servicer for the Loan.

### III.   ARGUMENT

#### A.   Plaintiff Fails to Plead a Claim for Breach of Contract

The Complaint includes only two claims, and both are for breach of contract. (*See* Complaint, Claims 1 and 2, collectively "Breach of Contract Claims").  The Breach of Contract claims both fail because Plaintiff fails to plead facts of (1) a

1  contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's

2  breach, and (4) the resulting damages to plaintiff. *Careau & Co. v. Sec. Pac. Bus.*

3  *Credit, Inc.*, 222 Cal. App. 3d 1371, 1388 (1990). Moreover, if a claim for breach

4  of contract is predicated on a written contract, the terms of the contract must be

5  stated verbatim in the complaint or, in the alternative, the contract must be attached

6  to and incorporated into the complaint. *Otworth v. Southern Pac. Transportation*

7  *Co.*, 166 Cal. App. 3d 452, 458–459 (2d Dist. 1985).

8        Here, Plaintiff states, "the parties have been in a mortgage contract for the

9  Property since July 1, 2021." (Complaint, ¶5). This allegation is insufficient to

10 establish that a contractual relationship exists between Plaintiff and Defendant.

11 Moreover, the Complaint fails to attach a copy of the alleged agreement or identify

12 what terms Defendant allegedly breached. Even assuming Plaintiff is attempting to

13 state a claim for breach of the Deed of Trust, this claim still fails. Under California

14 law, "an agent cannot be held liable for breach of a duty which flows from a contract

15 to which he is not a party." *Howard v. First Horizon Home Loan Corp.*, 2013 WL

16 3146792 (N.D. Cal. June 18, 2013, No. 12-CV-05735-JST) quoting *Filippo Indus.,*

17 *Inc. v. Sun Ins. Co. of New York,* 74 Cal.App.4th 1429, 1442, 88 Cal.Rptr.2d 881

18 (Cal.Ct.App.1999). Here, Defendant is not a party to the Deed of Trust; accordingly,

19 Defendant cannot be held liable for any breaches of the Deed of Trust. (RJN, Ex.

20 1.) Plaintiff cannot sustain a breach of contract claim without adequately alleging

21 the existence of a contract. For these reasons, Plaintiff's Breach of Contract claims

22 fail.

23     **B.**    **Plaintiff Fails to State a Claim Under the Federal Reserve Act**

24       Although the Complaint only contains two claims for breach of contract, it

25 also appears that Plaintiff is suing under the "Federal Reserve Act." (Complaint, ¶

26 1, ¶6, ¶ 8, ¶10 -12, ¶14-15.) Plaintiff seems to suggest that Defendant violated

27 Section 16 of the Federal Reserve Act, 12 U.S.C. §§ 411-412, which governs the

28 issuance and redemption of Federal Reserve notes. (Complaint, ¶ 15.) As a result,

1    Plaintiff alleges that Defendant is subject to penalties under the Federal Reserve

2    Act, 12 U.S.C. § 504, which imposes penalties on banks for an array of misconduct.

3    The imposition of civil penalties under this section is carried out by federal officials,

4    and private individuals do not have a private right of action. *Bockari v. J.P. Morgan*

5    *Chase Bank*, No. 2:13-cv-02603-JAM-EFB, 2016 WL 5234719 (E.D. Cal. Sept. 22,

6    2016), *report and recommendation adopted* (E.D. Cal. Dec. 27, 2016), 2016 WL

7    10636364, aff'd sub nom. *Bockari v. JPMorgan Chase & Co.,* 695 F. App'x 309

8    (9th Cir. 2017). Plaintiff, as an individual, cannot maintain a claim under this

9    section, which provides that any imposed civil penalties shall be assessed and

10   collected by either the Comptroller of the Currency or the board of a State member

11   bank, and deposited into the Treasury. 12 U.S.C. 504(e) and (g). *Id.* Accordingly,

12   Plaintiff fails to state a federal claim under the Federal Reserve Act.

13            **C.    Plaintiff Fails to State a Claim Under Section 18 U.S.C. § 1344**

14            Finally, Plaintiff contends Defendant committed bank fraud in violation of

15   Section 18 U.S.C. § 1344. (Complaint, ¶ 16.) As an initial matter, in alleging fraud,

16   a party must state with particularity the circumstances constituting fraud. Fed. Rules

17   Civ. Proc., Rule 9(b), 28 U.S.C.A. Plaintiff fails to allege fraud with any detail, let

18   alone enough to satisfy Rule 9(b). Additionally, section 18 U.S.C. § 1344, is a

19   criminal statute that does not provide a private cause of action. *Schneider v. Bank*

20   *of America, N.A.,* 2012 WL 761975, at *8 (E.D. Cal. Mar. 6, 2012); *McCracken v.*

21   *Portland General Elec.,* 2011 WL 4036158, at *6 (D. Or. July 19, 2011). Plaintiff

22   has therefore failed to state a claim. This claim should be dismissed with prejudice,

23   as granting leave to amend would be futile.

24            **D.    Plaintiff Fails to Meet the Pleading Standard Pursuant to Rule 8**

25            Federal Rules of Civil Procedure ("FRCP") Rule 8(a) provides that a

26   complaint "must contain (1) a short and plain statement of the grounds for the

27   court's jurisdiction, ... (2) a short and plain statement of the claim showing that the

28   pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P.

1    8(a). These pleading requirements shall be set forth in separate and discrete
2    paragraphs. FRCP 8(d)(1) provides that "[e]very allegation must be simple, concise,
3    and direct." Fed. R. Civ. P. 8(d). Plaintiff's Complaint fails to meet the standard set
4    forth by FRCP Rule 8. Plaintiff has not established this court's jurisdiction,
5    identified each claim brought against Defendant, or stated facts demonstrating the
6    existence of a plausible right to relief. *See* Complaint generally,

7    Adding to the confusion, Plaintiff attached fifteen (15) exhibits to the
8    Complaint without clearly identifying how the attached exhibits support any of her
9    claims. Notably, of the fifteen exhibits attached none are a "mortgage contract"
10   which Plaintiff alleges the parties entered, on or around July 1, 2021. The
11   Complaint's ambiguity renders it impossible for Defendant to adequately respond
12   to the pleading or present a defense. "[N]either the Court nor opposing counsel
13   should be required to expend time and effort searching through large masses of
14   conclusory, argumentative, evidentiary and other extraneous allegations in order to
15   discover whether the essentials of claims asserted can be found in such a mélange."
16   *Silver v. Queen's Hosp.*, 53 F.R.D. 223, 226-27 (D. Haw. 1971). The Complaint
17   must be dismissed because it does not adhere to the requirements of FRCP Rule 8,
18   which mandates a concise and clear statement of the claim for relief against the
19   Defendant.

20   **IV.    CONCLUSION**

21   For the reasons stated above, Defendant respectfully request this Motion to
22   Dismiss be granted without leave to amend.

23
24   Dated: October 13, 2023                    **HOUSER LLP**

25                                              /s/*Robert W. Norman, Jr.*
                                                Robert W. Norman, Jr.
26                                              Alexandra Coronado King
                                                Attorneys for Defendant,
27                                              Flagstar Bank, N.A., *erroneously*
                                                *sued as Flagstar Bancorp,*
28                                              *Incorporated*

## PROOF OF SERVICE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 9970 Research Drive, Irvine, CA 92618.

On October 13, 2023 I served the document(s) described as follows:

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

On the following interested parties in this action:

Holly Arlena Vaughan
2338 Kipana Avenue
Ventura, CA 93001
(805) 861-0165
PRO SE

☒   FIRST CLASS MAIL—By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices.  I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Irvine, California, with postage thereon fully prepaid that same day in the ordinary course of business.

I declare under penalty of perjury, under the laws of the United States that the foregoing is true and correct.

Executed on October 13, 2023 at Irvine, California.

S. C—
Sherie L. Cleere

33

# DECLARATION
# EXHIBIT "F"

34

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER: |
|---|---|
| HOLLY ARLENA VAUGHAN<br><br>Plaintiff(s), | 2:23−cv−07951−JVS−MAR |
| v.<br><br>FLAGSTAR BANCORP, INCORPORATED<br><br>Defendant(s). | **NOTICE TO FILER OF DEFICIENCIES IN ELECTRONICALLY FILED DOCUMENT** |

**PLEASE TAKE NOTICE:**

The following problem(s) have been found with your filed document:

Date Filed: ___10/13/2023___

Document No.: __9__

Title of Document: ___NOTICE OF MOTION AND MOTION to Dismiss Case filed by Defendant Flagstar Bancorp, Incorpor___

**ERROR(S) WITH DOCUMENT:**

Hearing information is missing, incorrect, or untimely.

Other:

**Note:**    **In response to this notice, the Court may: 1) order an amended or corrected document to be filed; 2) order the document stricken; or 3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so.**

Clerk, U.S. District Court

Dated:_October 13, 2023_          By: _/s/ Evelyn Synagogue  Evelyn_Synagogue@cacd.uscourts.gov_
                                        Deputy Clerk

*cc: Assigned District Judge and/or Magistrate Judge*

**Please refer to the Court's website at www.cacd.uscourts.gov for Local Rules, General Orders, and applicable forms.**

G−112A(08/22) NOTICE TO FILER OF DEFICIENCIES IN ELECTRONICALLY FILED DOCUMENTS

DECLARATION

EXHIBIT "G"

36

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

HOLLY ARLENA VAUGHAN

           Plaintiff(s),

    v.

FLAGSTAR BANCORP, INCORPORATED

           Defendant(s).

CASE NO:
2:23−cv−07951−JVS−MAR

INITIAL ORDER FOLLOWING
FILING OF COMPLAINT
ASSIGNED TO JUDGE SELNA

<u>**Important Notice**</u>: **The Court posts tentative law and motions rulings to the internet. Please see Section P, below**

COUNSEL FOR PLAINTIFF SHALL SERVE THIS ORDER ON ALL DEFENDANTS AND/OR THEIR COUNSEL ALONG WITH THE SUMMONS AND COMPLAINT, OR IF THAT IS NOT PRACTICABLE AS SOON AS POSSIBLE THEREAFTER. IF THIS CASE WAS ASSIGNED TO THIS COURT AFTER BEING REMOVED FROM STATE COURT, THE DEFENDANT WHO REMOVED THE CASE SHALL SERVE THIS ORDER ON ALL OTHER PARTIES.

\\\

1    This case has been assigned to the calendar of Judge James V. Selna.

2    The intent of this Order is to ensure that this case will proceed so as "to secure [a]

3    just, speedy and inexpensive determination." (Fed.R.Civ. P., Rule 1.)

4

5    **A.   THE COURT'S ORDERS**

6

7        Copies of Judge Selna's orders that may have specific application to

8    this case are available on the Central District of California website. See ¶ N.

9    Those orders include the following:

10

11        (1)   Order Setting Rule 26(f) Scheduling Conference

12        (2)   Order re Civil Jury Trials

13        (3)   Order re Civil Court Trials

14        (4)   Order re RICO Case Statement

15

16    **B.   SERVICE OF PLEADINGS**

17

18        Although Fed.R.Civ.P., Rule 4(m) does not require the summons and

19    complaint to be served for as much as 90 days, the Court expects that the initial

20    pleadings will be served much sooner than that, and will require plaintiff to show

21    cause before then if it appears that there is undue delay.

22

23    **C.   ASSIGNMENT TO A MAGISTRATE JUDGE**

24

25        Under 28 U.S.C. § 636, the parties may consent to have a Magistrate

26    Judge preside over all proceedings, including trial. The Magistrate Judges who

27    accept those designations are identified on the Central District's website, which

28    also contains the consent form. See ¶ N.

## D.   EX PARTE PRACTICE

*Ex parte* applications are solely for extraordinary relief and should be used with discretion. See Mission Power Engineering Company v. Continental Casualty Co., 883 F. Supp. 488 © D. Cal. 1995). The Court will generally decide *ex parte* matters on the papers. Opposition to an *ex parte* application, if any, should be submitted within 24 hours.

## E.   APPLICATIONS AND STIPULATIONS FOR EXTENSIONS OF TIME

No stipulations extending scheduling requirements or modifying applicable rules are effective until and unless the Court approves them. Both applications and stipulations must set forth:

1.   The existing due date or hearing date;

2.   Specific, concrete reasons supporting good cause for granting the extension. In this regard, a statement that an extension "will promote settlement" is insufficient. The requesting party or parties must indicate the status of ongoing negotiations: Have written proposals been exchanged? Is counsel in the process of reviewing a draft settlement agreement? Has a mediator been selected?

3.   Whether there have been prior requests for extensions, and whether these were granted or denied by the Court.

\\\

\\\

## F. TRO's AND INJUNCTIONS

Parties seeking emergency or provisional relief shall comply with F.R.Civ.P., Rule 65 and Local Rule 65. The Court will not rule on any application for such relief for at least 24 hours after the party subject to the requested order has been served; such party may file opposing or responding papers in the interim.

## G. CASES REMOVED FROM STATE COURT

All documents filed in state court, including documents appended to the complaint, answers and motions, must be refiled in this Court as a supplement to the Notice of Renewal, if not already included. See 28 U.S.C. § 1447(a),(b). If the defendant has not yet answered or moved, the answer or responsive pleading filed in this Court must comply with the Federal Rules of Civil Procedure and the Local Rules of the Central District. If before the case was removed a motion was pending in state court, it must be re-noticed in accordance with Local Rule 7.

## H. STATUS OF FICTITIOUSLY NAMED DEFENDANTS

This Court intends to adhere to the following procedures where a matter is removed to this Court on diversity grounds with fictitiously named defendants. (See 28 U.S.C. §§ 1441(a) and 1447.)

1. Plaintiff is normally expected to ascertain the identity of and serve any fictitiously named defendants within 120 days of the removal of the action to this Court.

\\\

1       2.   If plaintiff believes (by reason of the necessity for discovery or

2   otherwise) that fictitiously named defendants cannot be fully identified within the

3   120-day period, an *ex parte* application requesting permission to extend that period

4   to effectuate service may be filed with this Court. Such application shall state the

5   reasons therefor, and may be granted upon a showing of good cause. The *ex parte*

6   application shall be served upon all appearing parties, and shall state that appearing

7   parties may comment within seven (7) days of the filing of the *ex parte* application.

8

9       3.   If plaintiff desires to substitute a named defendant for one of the

10  fictitiously named parties, plaintiff first shall seek to obtain consent from counsel

11  for the previously-identified defendants (and counsel for the fictitiously named

12  party, if that party has separate counsel). If consent is withheld or denied, plaintiff

13  may apply *ex parte* requesting such amendment, with notice to all appearing

14  parties. Each party shall have seven calendar days to respond. The *ex parte*

15  application and any response should comment not only on the substitution of the

16  named party for a fictitiously named defendant, but on the question of whether the

17  matter should thereafter be remanded to the Superior Court if diversity of

18  citizenship is destroyed by the addition of the new substituted party. See U.S.C. §

19  1447(c), (d).

20

21  **I.   BANKRUPTCY APPEALS**

22

23       Counsel shall comply with the ORDER RE PROCEDURE TO BE

24  FOLLOWED IN APPEAL FROM BANKRUPTCY COURT issued at the time the

25  appeal is filed in the District Court.

26  \\\

27  \\\

28  \\\

41

## J.  MOTIONS UNDER FED.R.CIV.P. RULE 12

Many motions to dismiss or to strike could be avoided if the parties confer in good faith (as they are required to do under L.R. 7-3), especially for perceived defects in a complaint, answer or counterclaim which could be corrected by amendment. See Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by *any* amendment). Moreover, a party has the right to amend his complaint "once as a matter of course at any time before a responsive pleading is served." Fed.R.Civ.P., Rule 15(a). A 12(b)(6) motion is not a responsive pleading and therefore plaintiff might have a right to amend. See Nolen v. Fitzharris, 450 F.2d 958, 958-59 (9th Cir. 1971); St. Michael's Convalescent Hospital v. California, 643 F.2d 1369, 1374 (9th Cir. 1981). And even where a party has amended his Complaint once or a responsive pleading has been served, the Federal Rules provide that leave to amend should be "freely given when justice so requires." F.R.Civ.P., Rule 15(a). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

These principles require that counsel for the plaintiff should carefully evaluate the defendant's contentions as to the deficiencies in the complaint, and that in many instances the moving party should agree to any amendment that would cure a curable defect.

The moving party shall attach a copy of the challenged pleading to the Memorandum of Points and Authorities in support of the motion.

The foregoing provisions apply as well to motions to dismiss a

1 counterclaim, answer or affirmative defense, which a plaintiff might contemplate

2 bringing.

3

4 **K.  REQUIREMENTS FOR BRIEFS**

5

6 In addition to the requirements in Local Rule 11, the Court requires the

7 following for all briefs:

8

9 1.  No footnote shall exceed 5 lines. The Court strongly discourages

10 the use of extensive footnotes as a subterfuge to avoid page limitations in the Local

11 Rules.

12

13 2.  All footnotes shall be in the same type size as text. See Local Rule

14 11-3.1.1.

15

16 3.  Each case cited shall include a jump cite to the page or pages where

17 the relevant authority appears (e.g., United States v. Doe, 500 U. S. 1, 14, 17

18 (1997).

19

20 Failure to follow these requirements may result in rejection of a brief for

21 correction.

22

23 **L.  LEAD COUNSEL**

24

25 Lead counsel shall appear on all dispositive motions, scheduling

26 conferences, and settlement conferences. **The Court does not entertain special**

27 **appearances; only counsel of record may appear.**

28 \\\

43

## M.   COURTESY COPIES

A mandatory chambers copy of all motions and related documents (oppositions, replies, exhibits), ex parte applications (excluding ProHac vices) and related documents (oppositions and exhibits) and ALL PRETRIAL DOCUMENTS including Motions in Limine filed shall be delivered to Judge Selna's mandatory chambers copy drop on the tenth floor at the rear of the elevator lobby by noon the day following filing. **Failure to make timely delivery of the mandatory chambers copies may result in a delay in hearing a motion or ordering the matter off calendar**.

## N.   ELECTRONIC COPIES

When the Court requires an electronic copy of a document (*e.g.,* with proposed jury instructions), a copy shall be submitted at time of filing in one of the following manners: providing a copy on a disk, or thumb drive in a labeled envelope and lodged with the clerk; or by e-mailing a copy to the Court Room Deputy (JVS_Chambers@cacd.uscourts.gov). Regardless of media, the document should be formatted in WordPerfect9 or higher.

## O.   WEBSITE

Copies of this Order and other orders of this Court are available on the Central District of California's website, at "www.cacd.uscourts.gov" at Judge Selna's home page located under "Judge's Procedures and Schedules."

\\\

\\\

\\\

1  **P.  TENTATIVES-DAY OF HEARING AND WEB POSTING**

2

3      The Court attempts to issue tentative rulings on each motion. Tentatives

4  will be posted on the Court's website: www.cacd.uscourts.gov/. From the home

5  page, click on "Judges' Procedures and Schedules" in the left column. From the

6  list, click on "Hon. James V. Selna," which will take you to Judge Selna's page.

7  Click on the red notice in the upper left: "Click here to view Tentative Rulings."

8  Then click on the desired ruling which comes up in a .pdf file which can be read

9  with an Adobe Acrobat reader. Judge Selna attempts to post tentatives by late

10  Friday afternoon preceding the hearing date.

11

12      **Q.  EMERGENCY AFTER-HOURS CONTACTS**

13

14      In the event that an after-hours emergency arises, the Court can be

15  reached through United States Marshal's Command Center in Los Angeles

16  (213-894-2485) or Santa Ana (714-338-4610).

17

18      The Court thanks counsel and the parties for their anticipated

19  cooperation.

20

21      **IT IS SO ORDERED.**

22

23  DATED: October 13, 2023

24                               James V. Selna

                                 United States District Judge

25

26

27

28

45

DECLARATION

EXHIBIT "H"

46

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Holly Arlena Vaughan | | CASE NUMBER: |
| | PLAINTIFF(S) | 2:23-cv-07951-JVS-MARx |
| v. | | |
| Flagstar Bancorp, Incorporated | | **ORDER IN RESPONSE TO NOTICE TO FILER OF DEFICIENCES IN FILED DOCUMENT** |
| | DEFENDANT(S). | |

In accordance with the Notice to Filer of Deficiencies in Filed Document

**REGARDING:**

| 10/13/2023 | 9 | Notice of Motion to Dismiss Case |
|---|---|---|
| Date Filed | Document No. | Title of Document |

**IT IS HEREBY ORDERED:**

☐ The document is stricken
☑ The hearing date has been rescheduled to    Monday, November 13, 2023    at    1:30 p.m.    .
☐ A notice of interested parties shall be filed no later than 5 days from entry of this Order.
☑ Other:

    **Counsel is ordered to consult Local Rules AND the Court's Procedures and Schedules page prior to filing any future documents.

Dated:    10/13/2023

By: _____
U.S. District Judge / U.S. Magistrate Judge

47

DECLARATION

EXHIBIT "I"

48

7:08 ⏰ ⊙ 📶 📶 📲 76%

✕ 🔒 Holly Arlena Vaughan v. Flagstar Bancorp, Incorporated (2:23-cv-07951)... ⇗ 🔖 ⋮
pacermonitor.com

PacerMonitor ≡ A Fitch Solutions Service ☑ Subscribe Now consultingkaren2021@gmail.com ▾

🔍 Search case 2:23-cv-07! 🔍

Arlena Vaughan. (lc)

📥 3 pgs | respm | Response in Opposition to Motion | Mon 11/20 1:12 PM
PLAINTIFF'S RESPONSE AND OPPOSITION DEFENDANT'S MOTION TO DISMISS,9 , filed by
Plaintiff Holly Arlena Vaughan. (shb)

**Thursday, November 09, 2023**

15 | textonly | Text Only Scheduling Notice | Thu 11/09 8:36 AM
[IN CHAMBERS] SCHEDULING NOTICE: On the Court's own motion, the hearing on
Defendant's Motion to Dismiss9 is CONTINUED from Monday, November 13, 2023, at 1:30
p.m. to Monday, November 20, 2023 at 1:30 p.m. before Judge James V. Selna. THERE IS NO
PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (eva)

**Wednesday, November 08, 2023**

**Tuesday, October 17, 2023**

14 | 📥 8 pgs | order | Initial Order Setting R26 Scheduling Conference - form only | Tue 10/17 2:28 PM
Order Setting Rule 26(f) Scheduling Conference for 12/11/2023 at 10:30 a.m. before Judge
James V. Selna. Counsel shall file the Joint Rule 26 Meeting Report, with the completed
Exhibit A, by 12/01/2023. (eva)

49

DECLARATION

EXHIBIT "J"

50

**FILED**
CLERK, U.S. DISTRICT COURT

**11/17/23**

CENTRAL DISTRICT OF CALIFORNIA
BY: CS    DEPUTY

1. Holly Arlena Vaughan
2. hollyvaughan93@gmail.com
3. 2338 Kipana Avenue,
   Ventura, California, 93001
4. 8058610165
5. Plaintiff in Pro Se

### United States District Court

### Central District of California

| | |
|---|---|
| Holly Arlena Vaughan, | Case No. 2:23-CV-07951-CBM-MAR |
| Plaintiff | |
| Vs. | PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO DISMISS |
| Flagstar Bank, National Association | |
| Defendant | |

### PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

TO THE HONORABLE JUDGE JAMES V SELNA:

I, Holly Arlena Vaughan, Plaintiff in the above-captioned matter, hereby

submit this Response and Opposition to Defendant's Motion to Dismiss. In

support of this opposition, I state as follows:

**Introduction:**

The Defendant has filed a Motion to Dismiss claiming plaintiff failed to

state a claim which relief may be granted. The Plaintiff opposes this motion

for the reasons set forth below.

1.
2.
3.

·   Plaintiff's complaint clearly states a claim upon which relief may be granted.

4.
5.

·   Opposing counsel's statements are not facts before the court.

6.
7.
8.

**Declaration of Points and Authority:**

9.
10.

Defendant's counsel stated that Plaintiff failed to state a claim upon which

11.
12.

relief could be granted. Plaintiff's complaint clearly states a claim upon

13.

which relief may be granted. The defendant failed to perform fiduciary

14.
15.

duties. As a result of the defendant's non-performance, the plaintiff suffered

16.

injury and duress.

17.
18.

Chiefly, opposing counsel's statements are not facts before the court.

19.

Pursuant to Trinsey v Pagliaro, D.C.Pa. 1964, 229 F.Supp. 647,

20.
21.

**"Statements of counsel in brief or in argument are not facts before the**

22.

**court and are therefore insufficient for a motion to dismiss"** Therefore,

23.

the defendant's motion to dismiss is insufficient and should not be granted.

24.
25.
26.
27.
28.

1.  **Conclusion:**

2.

3.  For the reasons set forth above, the Plaintiff respectfully requests that the

4.  Court deny the Defendant's Motion to Dismiss.

5.

6.  In addition, the Plaintiff further requests permission to leave to amend

7.

8.  complaint.

9.

10.

11.

12.                                         By: Holly Arlena Vaughan

13.                                         Date: 11/17/2023

14.                                         plaintiff in Pro Se

15.

16.

17.

18.

19.

20.

21.

22.

23.

24.

25.

26.

27.

28.



FILED
CLERK, U.S. DISTRICT COURT

**11/17/23**

CENTRAL DISTRICT OF CALIFORNIA
BY: **CS**       DEPUTY

1.   Holly Arlena Vaughan
2.   hollyvaughan93@gmail.com
3.   2338 Kipana Avenue,
     Ventura, California, 93001
4.   8058610165
5.   Plaintiff in Pro Se

## United States District Court

## Central District of California

Holly Arlena Vaughan,

        Plaintiff

    Vs.

Flagstar Bank, National

Association

        Defendant

Case No. 2:23-CV-07951-CBM-MAR

PLAINTIFF'S RESPONSE AND
OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS

### PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

TO THE HONORABLE JUDGE JAMES V SELNA:

I, Holly Arlena Vaughan, Plaintiff in the above-captioned matter, hereby

submit this Response and Opposition to Defendant's Motion to Dismiss. In

support of this opposition, I state as follows:

### Introduction:

The Defendant has filed a Motion to Dismiss claiming plaintiff failed to

state a claim which relief may be granted. The Plaintiff opposes this motion

for the reasons set forth below.

1.
2.
3.

    ·   Plaintiff's complaint clearly states a claim upon which relief may be granted.

4.
5.

    ·   Opposing counsel's statements are not facts before the court.

6.
7.
8.

**Declaration of Points and Authority:**

9.
10.
11.
12.
13.
14.
15.
16.

Defendant's counsel stated that Plaintiff failed to state a claim upon which relief could be granted. Plaintiff's complaint clearly states a claim upon which relief may be granted. The defendant failed to perform fiduciary duties. As a result of the defendant's non-performance, the plaintiff suffered injury and duress.

17.
18.
19.
20.
21.
22.
23.

Chiefly, opposing counsel's statements are not facts before the court. Pursuant to Trinsey v Pagliaro, D.C.Pa. 1964, 229 F.Supp. 647, **"Statements of counsel in brief or in argument are not facts before the court and are therefore insufficient for a motion to dismiss"** Therefore, the defendant's motion to dismiss is insufficient and should not be granted.

24.
25.
26.
27.
28.

**Conclusion:**

For the reasons set forth above, the Plaintiff respectfully requests that the Court deny the Defendant's Motion to Dismiss.

In addition, the Plaintiff further requests permission to leave to amend complaint.

By: Holly Arlena Vaughan

Date: 11/17/2023

plaintiff in Pro Se

DECLARATION

EXHIBIT "K"

57

Name and address:
Robert W. Norman, Jr. (SBN 232470)
Alexandra Coronado King (SBN 346621)
HOUSER LLP
9970 Research Drive, Irvine, California 92618
Telephone: (949) 679-1111; Facsimile: (949) 679-1112
E-Mail: acoronadoking@houser-law.com
Attorneys for Defendant, Flagstar Bank, N.A., erroneously sued
as Flagstar Bancorp, Incorporated

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Holly Arlena Vaughan | CASE NUMBER: |
| PLAINTIFF(S) | 2:23-cv-07951-JVS-MAR |
| v. | |
| Flagstar Bancorp, Incorporated | **NOTICE OF APPEARANCE OR WITHDRAWAL OF COUNSEL** |
| DEFENDANT(S) | |

## INSTRUCTIONS

*Appearance of Counsel*:

Attorneys may use this form to enter an appearance in a case, or to update the docket of a case to reflect a prior appearance. To do so, complete Sections I, II, and IV of this form, then file and serve the form in the case. (Using an attorney's CM/ECF login and password to file this form will expedite the addition of that attorney to the docket as counsel of record.)

*Withdrawal of Counsel*:

This form may be used to terminate an attorney's status as counsel of record for a party in three situations: (1) the attorney being terminated has already been relieved by the Court, but the docket does not yet reflect that fact; (2) at least one member of the attorney's firm or agency will continue to represent that party and the withdrawing attorney is not the only member of the Bar of this Court representing that party; or (3) the represented party has been dismissed from the case, but the attorneys are still receiving notices of electronic filing. For any of these situations, complete Sections I, III, and IV of this form, then file and serve the form in the case.

*Note: In situations not covered above, attorneys seeking to withdraw from a case must first obtain permission from the Court. In such circumstances, attorneys should complete and file a "Request for Approval of Substitution or Withdrawal of Counsel" (Form G-01) rather than this "Notice of Appearance or Withdrawal of Counsel" (Form G-123). See Form G-01 for further information.*

### SECTION I - IDENTIFYING INFORMATION

*Please complete the following information for the attorney you wish to add or remove (if removing an attorney, provide the information as it currently appears on the docket; if appearing pro hac vice, enter "PHV" in the field for "CA Bar Number"):*

Name: Alexandra Coronado King                 CA Bar Number: 346621

Firm or agency: Houser LLP

Address: 9970 Research Drive, Irvine, CA 92618

Telephone Number: (949) 679-1111          Fax Number: (949) 699-1112

Email: acoronadoking@houser-law.com

Counsel of record for the following party or parties:

Flagstar Bank, N.A., erroneously sued as Flagstar Bancorp, Incorporated

## SECTION II - TO ADD AN ATTORNEY TO THE DOCKET

*Please select one of the following options:*

☐ The attorney listed above has already appeared as counsel of record in this case and should have been added to the docket.  The date of the attorney's first appearance in this case: _____ .

☒ The filing of this form constitutes the first appearance in this case of the attorney listed above.  Other members of this attorney's firm or agency have previously appeared in the case.

☐ The filing of this form constitutes the first appearance in this case of the attorney listed above.  No other members of this attorney's firm or agency have previously appeared in the case.

☐ By order of the court dated _____ in case number _____ (see attached copy), the attorney listed above may appear in this case without applying for admission to practice *pro hac vice.*

☐ This case was transferred to this district by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to 28 U.S.C. § 1407 from the _____ District of _____, where it was assigned case number _____.  The attorney listed above is counsel of record in this case in the transferee district, and is permitted by the rules of the JPML to continue to represent his or her client in this district without applying for admission to practice *pro hac vice* and without the appointment of local counsel.

☐ On _____, the attorney listed above was granted permission to appear in this case *pro hac vice* before the Bankruptcy Court, and L.Bankr.R. 8 authorizes the continuation of that representation in this case before the District Court.

*In addition, if this is a criminal case, please check the applicable box below. The attorney listed above is:*

    ☐ USAO   ☐ FPDO   ☐ CJA Appointment   ☐ Pro Bono   ☐ Retained

## SECTION III - TO REMOVE AN ATTORNEY FROM THE DOCKET

*Notices of Electronic Filing will be terminated. Please select one of the following options:*

☐ The attorney named above has already been relieved by the Court as counsel of record in this case and should have been removed from the docket.  Date of the order relieving this attorney: _____ .

☐ Please remove the attorney named above from the docket of this case; at least one member of the firm or agency named above, and at least one member of the Bar of this Court, will continue to serve as counsel of record for the party or parties indicated.

*(Note:  if you are removing yourself from the docket of this case as a result of separating from a firm or agency, you should consult Local Rules 5-4.8.1 and 83-2.4 and Form G-06 ("Notice of Change of Attorney Business or Contact Information"), concerning your obligations to notify the Clerk and parties of changes in your business or contact information.)*

☐ The represented party has been dismissed from the case, but the attorneys are still receiving notices of electronic filing.  Date party was dismissed: _____ .

☐ The attorney named above was appointed on appeal and the appeal has been adjudicated.  Date the mandate was filed: _____ .

## SECTION IV  - SIGNATURE

I request that the Clerk update the docket as indicated above.

Date: 11/20/2023 _____       Signature:  /s/ Alexandra Coronado King _____

                                        Name:       Alexandra Coronado King _____

59

## PROOF OF SERVICE

1

2     I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 9970 Research

3     Drive, Irvine, CA 92618.

4     On November 20, 2023 I served the document(s) described as follows:

5                         **NOTICE OF APPEARANCE**

6     On the following interested parties in this action:

7
      Holly Arlena Vaughan
8     2338 Kipana Avenue
      Ventura, CA 93001
9     (805) 861-0165
      PRO SE
10

11   ☒   FIRST CLASS MAIL—By placing a true copy thereof enclosed in a sealed
12        envelope(s) addressed as above, and placing each for collection and mailing
          on the date following ordinary business practices.  I am readily familiar with
13        my firm's business practice and collection and processing of mail with the
          United States Postal Service and correspondence placed for collection and
14        mailing would be deposited with the United States Postal Service at Irvine,
15        California, with postage thereon fully prepaid that same day in the ordinary
          course of business.
16

17        I declare under penalty of perjury, under the laws of the United States that
     the foregoing is true and correct.
18

19        Executed on November 20, 2023 at Irvine, California.

20                                          _Courtney Hershey_____
21                                          Courtney Hershey

22

23

24

25

26

27

28

                                    1
                            PROOF OF SERVICE

DECLARATION
EXHIBIT "L"

61

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

Case No.   2:23-cv-07951-JVS-MAR                    Date   November 20, 2023

Title   Holly Arlena Vaughan v. Flagstar Bancorp, Inc.

| Present: The Honorable | **James V. Selna, U.S. District Court Judge** | |
|---|---|---|
| Erica Bustos for Elsa Vargas | Not Present | |
| Deputy Clerk | Court Reporter | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

Proceedings:   **[IN CHAMBERS] Order Regarding Motion to Dismiss [9]**

Defendant Flagstar Bank, N.A. ("Flagstar"), sued as Flagstar Bancorp, Inc., moves to dismiss Holly Arlena Vaughan's ("Vaughan") Complaint (Compl., Dkt. No. 1). (Mot., Dkt. No. 9.) The motion is unopposed.

For the following reasons, the Court **GRANTS** the motion with prejudice.

## I. BACKGROUND

According to the Complaint, Vaughan and Flagstar are parties to a mortgage contract for the property located at 2338 Kipana Avenue, Ventura, California, 93001, since July 1, 2021. (Compl. at 2.) Under the terms of the contract, Vaughan is required to make monthly payments of $2,012.56. (Id.) On August 8, 2023, Vaughan notified Flagstar of her intention to pay the $371,083.61 balance on the mortgage. (Id. at 3.) Flagstar did not respond. (Id.) Vaughan's second notice to Flagstar arrived on August 21, 2023. (Id. at 4.) Flagstar responded that same day with the following: "Flagstar does not recognize or accept this attempt to satisfy your outstanding mortgage debt; therefore, no additional action can be taken regarding your request to satisfy your loan. We encourage you to continue making your monthly payment as agreed." (Compl., Ex. K.) Vaughan's third notice arrived on August 28, 2023. (Id. at 5.) Flagstar did not respond. (Id. at 6.)

Vaughan filed her Complaint on September 22, 2023 alleging two causes of action: breach of contract pursuant to 12 U.S.C. § 412 and § 504; and breach of contract and bank fraud pursuant to 18 U.S.C. § 1344. 62

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-07951-JVS-MAR | Date | November 20, 2023 |

| | |
|---|---|
| Title | Holly Arlena Vaughan v. Flagstar Bancorp, Inc. |

## II. LEGAL STANDARD

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted.  A plaintiff must state "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach.  First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'"  Id. at 678-80 (quoting Twombly, 550 U.S. at 555).  Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief."  Id. at 679.  This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."  Id.

## III. DISCUSSION

Flagstar provides procedural and substantive bases for this motion.  The Court proceeds with the three procedural arguments before turning to the substantive arguments.

First, Flagstar argues that the breach of contract claim is insufficient because Vaughan fails to allege the existence of a contract.  (Mot. at 4.)  Flagstar points out that the Complaint's statement that "the parties have been in a mortgage contract for the Property since July 1, 2021," but instead of attaching the contract or reciting its terms in the Complaint itself, Vaughan attached a copy of the Deed of Trust to which Flagstar is not a party.  (Id.)  Second, Flagstar contends that, because Vaughan alleges bank fraud, the Complaint is subject to and fails to meet the heightened pleading standard as required by Federal Rule of Civil Procedure 9(b).  Relatedly, Flagstar makes an argument relating

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    2:23-cv-07951-JVS-MAR                          Date    November 20, 2023

Title       Holly Arlena Vaughan v. Flagstar Bancorp, Inc.

to Federal Rule of Civil Procedure Rule 8(a), which provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a).

The Complaint is deficient on a number of grounds. Vaughan's failure to attach or quote the alleged contract leaves the Court no ability with which to determine the plausibility of the allegations. The bank fraud cause of action subjects the Complaint to a heightened pleading standard under Rule 9(b), but the it falls short of pleading with the particularity required. Notwithstanding the applicability of the statute under which the cause of action is brought, the Complaint recites bare facts—that Flagstar did not accept the mortgage balance payment—and then concludes "[t]his is knowingly fraudulent activity." (Compl. ¶ 16.) But a fraud claim requires an allegation with more facts of the fraudulent activity that are missing here.

Flagstar also contends that the federal statutes under which Vaughan brings the two causes of action—12 U.S.C. § 504 and 18 U.S.C. § 1344—are erroneously applied here. (Mot. at 4–5.)

Courts in the Ninth Circuit and elsewhere have recognized that there is no private right of action under 12 U.S.C. § 504, and such claims are instead brought by federal officials.[1] See Bockari v. J.P. Morgan Chase Bank, No. 13-2603, 2016 WL 5234719, at *3 (E.D. Cal. Sept. 22, 2016), report and recommendation adopted, 2016 WL 10636364 (E.D. Cal. Dec. 27, 2016), aff'd sub nom. Bockari v. JPMorgan Chase & Co., 695 F. App'x 309 (9th Cir. 2017); Villalobos v. T-Mobile, No. 3:23-cv-01138, 2023 WL 7383596 (M.D. Pa. Oct. 3, 2023); Murphy v. Capital One, No. 4:23-CV-1120 HEA, 2023 WL 5929340 (E.D. Mo. Sept. 12, 2023); Whyte v. Collins, No. 3:23-cv-1303-X-BN, 2023 WL 5673121, at *2 (N.D. Tex. Aug. 14, 2023); Benz-Puente v. Truist Fin., No. 23-cv-2682, 2023 WL 4763998, at *2 (E.D. Pa. July 26, 2023). Here, Vaughan brings a breach of contract claim under 12 U.S.C. § 504, but as the statute and case law make clear, no such action may be brought.

---

[1] Similarly, there is no private right of action under 12 U.S.C. § 412. The statute pertains to the requirement of collateral in exchange for Federal Reserve notes and has no applicability here. See 12 U.S.C. § 412.

64

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-07951-JVS-MAR | Date | November 20, 2023 |
|---|---|---|---|

| Title | Holly Arlena Vaughan v. Flagstar Bancorp, Inc. | | |

Likewise, courts have overwhelmingly dismissed cases brought by private individuals seeking to assert claims under 18 U.S.C. § 1344 because it is a criminal statute that confers no private right of action. See Schneider v. Bank of America N.A., No. 2:11-cv-2953 LKK DAD PS, 2012 WL 761975, at *8 (E.D. Cal. Mar. 6, 2012) ("Plaintiff's amended complaint also alleges causes of action for bank fraud (18 U.S.C. § 1344(2)) . . . [this] provision[], however, [is a] criminal statute[] that do[es] not provide a private cause of action or a basis for civil liability."); Edmonds v. Seavey, 2009 WL 2949757, at *6 (S.D.N.Y. Sept. 15, 2009) ("[T]here is no private cause of action under 18 U.S.C. § 1344."); Milgrom v. Burstein, 374 F. Supp. 2d 523, 528–29 (E.D.Ky.2005) (finding "no cognizable civil action flowing from the bank fraud statutes . . . 18 U.S.C. §§ 1344 and 1014."); McCracken v. Portland Gen. Elec., No. CV-10-937-ST, 2011 WL 4036158, at *6 (D. Or. July 19, 2011), report and recommendation adopted, No. 3:10-CV-937-ST, 2011 WL 4043585 (D. Or. Sept. 12, 2011) (dismissing a private individual's bank fraud claim under 18 U.S.C. § 1344 because it "is a criminal statute" and provides no private right of action). Here, Vaughan brings a claim of "breach of contract and bank fraud" under 18 U.S.C. § 1344, but this claim, too, is not available for a private individual to make.

While the procedural deficiencies might have been curable, the substance of the claims to the extent they are brought under 12 U.S.C. § 504 and 18 U.S.C. § 1344 are not. Further amendment would be futile. Therefore, the Court dismisses both claims without leave to amend.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion with prejudice.

**IT IS SO ORDERED.**

65

DECLARATION

EXHIBIT "M"

66

 Gmail                                              Holly Vaughan <hollyvaughan93@gmail.com>

## Hearing on Monday 11/20/23

**Alexandra Coronado King** <acoronadoking@houser-law.com>              Mon, Nov 20, 2023 at 1:42 PM
To: Holly Vaughan <hollyvaughan93@gmail.com>

I believe you are at the wrong courthouse. Judge Selna is Santa Ana. I will let the Judge know

Alexandra Coronado King

> On Nov 20, 2023, at 1:32 PM, Holly Vaughan <hollyvaughan93@gmail.com> wrote:
>
> Hi Alexandra,
>
> I am at the federal courthouse at 350 West 1st Street in Los Angeles per the address on your motion to dismiss.
>
> Where are you?
>
> Call me as soon as you can. I don't want to miss the hearing.
>
> Thanks,
>
> Holly
> 8058610165
>
> On Fri, Nov 17, 2023, 2:02 PM Alexandra Coronado King <acoronadoking@houser-law.com> wrote:
>
>> Hi Holly,
>>
>> I was just about to confirm that it's our understanding the court holds in person hearings. Thanks,
>>
>> Alexandra Coronado King
>>
>> **Attorney**
>>
>> **HOUSER** LLP
>>
>> 9970 Research Drive, Irvine, CA 92618
>>
>> P: (949) 679-1111   F: (949) 679-1112
>>
>> www.houser-law.com
>>
>> Offices in Arizona, California, Connecticut, Massachusetts,
>>
>> Minnesota, Nevada, New Jersey, New Mexico, New York, Oregon & Washington
>>
>> Admitted to Practice in California

67

This electronic message contains information from the law firm of Houser LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at acoronadoking@houser-law.com

**From:** Holly Vaughan <hollyvaughan93@gmail.com>
**Sent:** Friday, November 17, 2023 2:01 PM
**To:** Alexandra Coronado King <acoronadoking@houser-law.com>
**Cc:** nograpefruit4hv@gmail.com
**Subject:** Hearing on Monday 11/20/23

Hi Alexandra,

Thank you for speaking with me.

I'll see you on Monday for the hearing regarding your motion to dismiss

on 11/20/23 at 1:30 pm at

350 West 1st Street,

Los Angeles, CA 90021

Courtroom 8D, 8th floor

Thank you,

Holly Vaughan

68