1  Robert W. Norman, Jr. (SBN 232470)
   Alexandra Coronado King (SBN 346621)
2  HOUSER LLP
   9970 Research Drive
3  Irvine, California 92618
   Telephone: (949) 679-1111
4  Facsimile: (949) 679-1112
   E-Mail: bnorman@houser-law.com
5  E-Mail: acoronadoking@houser-law.com

6  Attorneys for Defendant,
   Flagstar Bank, N.A., *erroneously sued as Flagstar Bancorp, Incorporated*
7

8           UNITED STATES DISTRICT COURT

9           CENTRAL DISTRICT OF CALIFORNIA

| Holly Arlena Vaughan, | Case No.: 2:23-7951-JVS-MAR |
|---|---|
| Plaintiff, | **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| v. | **[Fed. R. Civ. P. 12(b)(6)]** |
| Flagstar Bancorp, Incorporated, and Does 1 through and 10, Inclusive. | Hearing –<br>Date: January 22, 2024<br>Time: 1:30 p.m.<br>Judge: Honorable James V. Selna<br>Place: 411 W, 4th Street Court<br>       Santa Ana, CA, 92701,<br>       Courtroom10C |
| Defendant(s). | |
| | Case Filed: September 22, 2023 |

**TO THE COURT, CLERK, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Plaintiff filed a Motion for Reconsideration [Dkt. No. 22.] requesting this Court to reconsider its decision to dismiss this case. Since the Plaintiff's motion hasn't established any grounds for reconsideration and simply reiterates her previously dismissed and frivolous arguments, the Court should deny the motion.

## I.   FACTS

On September 22, 2023, Plaintiff filed her Complaint alleging two causes of action: breach of contract pursuant to 12 U.S.C. § 412 and § 504; and breach of contract and bank fraud pursuant to 18 U.S.C. § 1344. Because the Complaint was deficient on a number of grounds, Defendant filed a Motion to Dismiss which was set to be heard on November 14, 2023. [Dkt. No. 9.]

On November 9, 2023, this Court continued the hearing on Defendant's Motion to Dismiss from Monday, November 13, 2023, at 1:30 p.m. to Monday, November 20, 2023, at 1:30 p.m. [Dkt. No. 15.] This notice specifically states that Defendant's Motion to Dismiss would be before Judge James V. Selna. *Id.*

On November 17, 2023, the Court issued a tentative order granting Defendant's Motion to Dismiss. The tentative order stated that, "[w]hile the [Complaint's] procedural deficiencies might have been curable, the substance of the claims to the extent they are brought under 12 U.S.C. § 504 and 18 U.S.C. §1344 are not. Further amendment would be futile. Therefore, the Court dismisses both claims without leave to amend." [Dkt. No. 20.]

After the November 20, 2023, hearing, the Court ordered that the tentative ruling become the order of the Court. [Dkt. No. 19.] The Court entered its judgment dismissing Plaintiff's Complaint with prejudice on November 20, 2023. [Dkt. No. 20.] On December 18, 2023, Plaintiff filed a motion for reconsideration. [Dkt. No. 22.]

## II.   ARGUMENT

A court's reconsideration of a prior order is an "extraordinary remedy" that should be "used sparingly in the interests of finality and conservation of judicial resources. *Kona Enterprises v. Estate of Bishop* 229 F.3d 877, 890 (9th Cir. 2000). Local Rule 7–18 specifies that only three grounds may support a motion for reconsideration:

(a) A material difference in fact or law from that presented to the Court before

such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision; or

(b) The emergence of new material facts or a change of law occurring after the time of such decision; or

(c) A manifest showing of a failure to consider material facts presented to the Court before such decision.

Rule 7–18 also provides that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." Reconsideration is within the trial court's discretion. *Navajo Nation v. Confederate Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Plaintiff hasn't satisfied any of the specified grounds for reconsideration outlined in L.R. 7–18. Plaintiff argues that reconsideration is warranted because this Court purportedly (1) misinterpreted and misapplied the plausibility standard, (2) overlooked or disregarded detailed factual allegations in the Complaint, and (3) incorrectly applied *Twombly* and *Iqbal*. [Dkt. No. 22.] Additionally, Plaintiff contends that her Opposition to Defendant's Motion to Dismiss wasn't properly considered. *Id.* However, the Opposition merely defends the threadbare Complaint by reiterating the same conclusory allegations. [Dkt. No. 18.] There are no material facts presented in Plaintiff's Opposition that this Court hasn't already considered. Plaintiff's Complaint was both procedurally and substantively defective, and her opposition and motion for reconsideration fail to show otherwise.

Finally, Plaintiff argues that her motion should be granted because she was not properly notified about the hearing being conducted before Judge Selna. However, Local Rule 7–18 does not consider improper notice as grounds for reconsideration. Even if it did, the Plaintiff's argument is unfounded. The docket confirms that Plaintiff received notifications of Judge Selna's assignment to this case on October 13, 2023, October 17, 2023, and November 9, 2023. [Dkt. Nos. 12-

15.] Additionally, on November 17, 2023, just two days before the hearing, the parties engaged in a telephone conference to discuss the discovery plan and prepare the Joint Rule 26(f) Report. During this discussion, they reviewed Judge Selna's Initial Order for the Rule 26(f) Scheduling Conference and discussed Judge Selna's preference for in-person hearings. Plaintiff cannot now shift blame to this Court or to Defendant, given the multiple notices regarding Judge Selna's assignment to this case. It is Plaintiff's responsibility to stay informed about the assigned judge and any subsequent calendar changes.

None of the Plaintiff's arguments in her sixty-eight-page motion establish any of the conditions specified in L.R. 7–18. This motion should be denied.

### III. CONCLUSION

Defendant respectfully requests that this Court deny Plaintiff's Motion for Reconsideration.

Dated: January 2, 2024    **HOUSER LLP**

                /s/*Robert W. Norman, Jr.*
Robert W. Norman
Alexandra Coronado King
Attorneys for Defendant,
Flagstar Bank, N.A., *erroneously sued as Flagstar Bancorp, Incorporated*

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 9970 Research Drive, Irvine, CA 92618.

On January 2, 2024 I served the document(s) described as follows:

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

On the following interested parties in this action:

Holly Arlena Vaughan
2338 Kipana Avenue
Ventura, CA 93001
Plaintiff in Pro Per

☒ FIRST CLASS MAIL—By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices. I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Irvine, California, with postage thereon fully prepaid that same day in the ordinary course of business.

I declare under penalty of perjury, under the laws of the United States that the foregoing is true and correct.

Executed on January 2, 2024 at Irvine, California.

Sherie L. Cleeré

---

1
PROOF OF SERVICE