UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-07951-JVS-MAR | Date | January 8, 2024 |
| Title | Holly Arlena Vaughan v. Flagstar Bancorp, Inc. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

Proceedings:   **[IN CHAMBERS] Order Regarding Motion for Reconsideration [22]**

Plaintiff Holly Arlena Vaughan's ("Vaughan") moves for reconsideration. (Mot., Dkt. No. 22.) Defendant Flagstar Bank, N.A. ("Flagstar"), sued as Flagstar Bancorp, Inc., opposed. (Opp'n, Dkt. No. 24.)

For the following reasons, the Court **GRANTS** the motion for reconsideration to the extent that Vaughan seeks leave to amend the Complaint. Vaughan is granted leave to amend her Complaint within thirty days.

## I. BACKGROUND

According to Vaughan's Complaint, Vaughan and Flagstar are parties to a mortgage contract for the property located at 2338 Kipana Avenue, Ventura, California, 93001, since July 1, 2021. (Compl. at 2, Dkt. No. 1.) Under the terms of the contract, Vaughan is required to make monthly payments of $2,012.56. (Id.) On August 8, 2023, Vaughan notified Flagstar of her intention to pay the $371,083.61 balance on the mortgage. (Id. at 3.) Flagstar did not respond. (Id.) Vaughan's second notice to Flagstar arrived on August 21, 2023. (Id. at 4.) Flagstar responded that same day with the following: "Flagstar does not recognize or accept this attempt to satisfy your outstanding mortgage debt; therefore, no additional action can be taken regarding your request to satisfy your loan. We encourage you to continue making your monthly payment as agreed." (Compl., Ex. K.) Vaughan's third notice arrived on August 28, 2023. (Id. at 5.) Flagstar did not respond. (Id. at 6.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-07951-JVS-MAR | Date | January 8, 2024 |
| Title | Holly Arlena Vaughan v. Flagstar Bancorp, Inc. | | |

  Vaughan filed her Complaint on September 22, 2023 alleging two causes of action: breach of contract pursuant to 12 U.S.C. § 412 and § 504; and breach of contract and bank fraud pursuant to 18 U.S.C. § 1344. (Id. at 6–7.) On November 20, 2023, the Court granted Flagstar's motion to dismiss with prejudice. (Order, Dkt. No. 20.)

## II. Discussion

  Vaughan's motion does not clearly convey its arguments in support of reconsideration, but the Court makes its best interpretation of them as follows.

  Vaughan argues that the Court did not adequately notice the parties of the change in venue from the Los Angeles federal courthouse to the Santa Ana federal courthouse, "which could have been ascertained had the Courts actually reviewed the Dockets." (Mot. at 10–11.) Vaughan also argues that due process violations occurred for the alleged lack of notice and the Court's ruling on the motion to dismiss, the latter of which was "arbitrary and capricious." (Id. at 11–12.) Vaughan also argues that she "was not afforded a day in court due to being misdirected by both defendant and court" and "those undisputed facts which plaintiff was bringing never got heard by both defendant and the courts themselves." (Id. at 13.) Vaughan asserts that she "was instructed that it was not necessary to response [sic] until after the notice of motion to dismiss was corrected when the court found deficiencies" and "notice of the continuance [of the hearing to a later date] was made under less [sic] than 4 days from the hearing date giving plaintiff only 24 hours to file its response." (Id. at 16.) Vaughan argues that the Court's order was "not made under facts as to why plaintiff was not present nor were those records of court properly examining certain evidence to correctly apply the law for a motion 12(b)(6), when adjudicating facts, which concerns the parties at some dispute, are to determine the proper outcome." (Id. at 16.) In the alternative, Vaughan seeks leave to amend her complaint if the Court does not grant reconsideration. (Id. at 17.) Because Vaughan mentions Federal Rule of Civil Procedure 60(b) in addition to Rule 59(e) in her motion, the Court construes her motion for reconsideration as, alternatively, a motion for relief from judgment.

  Flagstar argues that Vaughan has not met the requirements for reconsideration because "[t]here are no material facts presented in [Vaughan's] Opposition that this Court hasn't already considered" and the "Opposition merely defends the threadbare Complaint by reiterating the same conclusory allegations." (Opp'n at 3.) Flagstar also

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-07951-JVS-MAR | Date | January 8, 2024 |
| Title | Holly Arlena Vaughan v. Flagstar Bancorp, Inc. | | |

argues that Local Rule 7-18 "does not consider improper notice as grounds for reconsideration" and Vaughan's assertion that she was not properly notified is unfounded. (Id.) Flagstar asserts that the docket shows that Vaughan received electronic notifications about this Court's assignment to this case. (Id. at 4.) Moreover, Flagstar asserts that "the parties engaged in a telephone conference" and "reviewed Judge Selna's Initial Order for the Rule 26(f) Scheduling Conference and discussed Judge Selna's preference for in-person hearings." (Id.) Flagstar argues that Vaughan "cannot now shift blame to this Court or to [Flagstar], given the multiple notices regarding Judge Selna's assignment to this case." (Id.)

    A.    *Motion for Relief from Judgment*

Pursuant to Federal Rule of Civil Procedure 60(b), the court may relieve a party from a final judgment, order, or proceeding for, among other reasons, "(1) "mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason that justifies relief." If the motion is made under Rule 60(b)(1), the motion must be made within a reasonable time, and no more than one year after the judgment, order, or proceeding. Fed. R. Civ. P. 60(c)(1). The moving party bears the burden of establishing that Rule 60(b) relief is justified. Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir. 1988).

In determining whether neglect is "excusable" within the meaning of the Rule, courts undertake an equitable analysis, looking to such factors as (1) the danger of prejudice to the opposing party; (2) the length of the delay before bringing the motion; (3) the reason for the delay; and (4) whether the movant's actions are in good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).

In assessing whether a motion has been brought within a reasonable time, the Ninth Circuit has stated that where "the time for appeal [of the underlying judgment] ha[s] passed, the interest in finality of judgments must be given great weight." Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir. 1981).

The decision to grant relief is within the discretion of the court. Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir. 1987).

A due process violation, "mistake, inadvertence, surprise, or excusable neglect" are not applicable contentions here. Vaughan had, in fact, sufficient notice of the change

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-07951-JVS-MAR | Date | January 8, 2024 |
| Title | Holly Arlena Vaughan v. Flagstar Bancorp, Inc. | | |

in venue. The parties were notified of the assignment of the case to this Court and the corresponding change in venue within the Central District of California, and the venue is also displayed on the Court's website, as parties are encouraged to visit in the Court's initial order following assignment. (Dkt. Nos. 12, 14.) Notably, Vaughan contacted the Court's courtroom deputy in advance of the hearing to express her disdain for the change in venue. Still, on the day of the hearing, Vaughan appeared in a different courthouse from the one hosting her hearing. (Mot. at 7.) While the Court recognizes that the Santa Ana federal courthouse is farther from Vaughan's home than the original venue in Los Angeles, this ultimately is not a cognizable basis for relief from judgment.

To the extent that Vaughan argues that she was instructed not to respond to the motion to dismiss, this would be a misreading of a docket entry responding to Flagstar's motion to dismiss:

> NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Document RE: NOTICE OF MOTION AND MOTION to Dismiss Case. The following error(s) was/were found: Hearing information is missing, incorrect, or untimely. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (es) (Entered: 10/13/2023)

(Dkt. No. 11.) The notice is addressed to the "filer of deficiencies," which in this instance is Flagstar, not Vaughan. The notice goes on to state that Flagstar "need not take any action in response to this notice unless and until the Court directs you to do so." (Id.) Vaughan's opportunity to file an opposition was unaffected by the notice, and the Court did not direct Flagstar to take any additional action. Instead, the Court made another docket entry setting a hearing date for November 13, 2023. (Dkt. No. 13.) Vaughan's misunderstanding of the docket is not excusable in light of her showing that she did, in fact, have notice of the change in venue and had the full opportunity to appear had she traveled the additional thirty-two miles from the courthouse in Los Angeles to the proper venue in Santa Ana.

Accordingly, the Court denies the motion to the extent that it may be construed as a motion for relief from judgment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-07951-JVS-MAR | Date | January 8, 2024 |
| Title | Holly Arlena Vaughan v. Flagstar Bancorp, Inc. | | |

### B. *Motion for Reconsideration*

Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e). A motion for reconsideration "is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" America Unites for Kids v. Lyon, No. 15-2124, 2015 WL 5822578, at *3 (C.D. Cal. Sept. 30, 2015) (citation omitted). Thus, "a motion for reconsideration should not be granted absent highly unusual circumstances," such as where a district court "is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). Motions for reconsideration cannot "be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Carroll v. Nakutani, 342 F.3d 934, 945 (9th Cir. 2003).

"Courts in this district have interpreted Local Rule 7-18 to be coextensive with Rules 59(e) and 60(b)." Tawfilis v. Allergan, Inc., No. 15-307, 2015 WL 9982762, at *1 (C.D. Cal. Dec. 14, 2015). The grounds for reconsideration are set forth in Local Rule 7-18, which provides:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-07951-JVS-MAR | Date | January 8, 2024 |
|---|---|---|---|

| Title | Holly Arlena Vaughan v. Flagstar Bancorp, Inc. |
|---|---|

L.R. 7-18.[1] The Court has discretion in determining whether to grant a motion for reconsideration. See Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003). "Under L.R. 7-18, a motion for reconsideration may not be made on the grounds that a party disagrees with the Court's application of legal precedent." Pegasus Satellite Television, Inc. v. DirecTV, Inc., 318 F. Supp. 2d 968, 981 (C.D. Cal. 2004).

A motion for reconsideration is not the proper vehicle to raise this issue of due process and a lack of sufficient notice of a change in venue of her motion hearing. In her motion, Vaughan does not cite a material difference in fact or law that could not have been known to her at the time of the entry of the Order dismissing her case. She also has not shown the emergence of new material facts or change of law after the entry of the Order, nor has she shown a failure to consider material facts before the Order was entered.

Under Local Rule 7-12, "[t]he Court may decline to consider any memorandum or other paper not filed within the deadline set by order or local rule," and the failure to timely file any paper "may be deemed consent to the granting or denial of the motion." Under Local Rule 7-9, a party must file its opposition papers "not later than twenty-one (21) days before the date designated for the hearing of the motion." The Local Rules apply to all litigants, including those proceeding pro se. Boles v. Merscorp, Inc., No. CV 08-1989 PSG (Ex), 2008 WL 5225866, at *2 (C.D. Cal. Dec. 12, 2008). Although the Court could have granted Flagstar's motion on this basis, the Court has discretion in determining whether to dismiss an action for failure to comply with the Local Rules. Id. Furthermore, public policy favors the disposition of motions on the merits. Accordingly, the Court did not deem Vaughan's failure to timely file its opposition as consent to the granting of the motion.

Despite Vaughan's failure to appear at the hearing, the Court nevertheless ruled on the merits of the motion to dismiss. (See Order.) The change in venue did not affect Vaughan's opportunity to timely file an opposition to the motion to dismiss, but she did not do so. Vaughan had until October 23, 2023 to respond to Flagstar's motion to

---

[1] See also School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (reconsideration appropriate if the movant demonstrates clear error, manifest injustice, newly discovered evidence, or an intervening change in controlling law).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-07951-JVS-MAR | Date | January 8, 2024 |
| Title | Holly Arlena Vaughan v. Flagstar Bancorp, Inc. | | |

dismiss from October 13, 2023, within twenty-one days of the original hearing date on November 13, 2023. Vaughan's opposition was filed on November 17, 2023, thirty-five days after the motion to dismiss, and it was entered onto the docket on the day of the rescheduled hearing on November 20, 2023. (See Opp'n, Dkt. No. 18.) It is each party's responsibility to comply with the Local Rules. Even if the opposition were timely, it would not have changed the outcome of the Court's ruling. The opposition makes only the conclusory argument that "Plaintiff's complaint clearly states a claim upon which relief may be granted," cites one case, and states "opposing counsel's statements are not facts before the court." (Id. at 2.)

A *pro se* plaintiff's pleadings are liberally construed to afford the plaintiff "the benefit of any doubt," particularly in civil rights cases. Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)) (internal quotation marks omitted). If, however, a court finds that a *pro se* complaint has failed to state a claim, dismissal may be with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). *Pro se* plaintiffs should be granted leave to amend unless it is absolutely clear that the complaint's deficiencies cannot be cured. Id. at 1130-31.

Vaughan's argument that the Court did not "properly examin[e] certain evidence to correctly apply the law for a motion 12(b)(6)" is, too, a misunderstanding. When the Court considers a motion brought under Federal Rule of Civil Procedure 12(b)(6), it considers only pleadings, not evidence. A pleading must set forth allegations that have "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Leave to amend was not granted because, as the Court noted in its order, "While the procedural deficiencies might have been curable, the substance of the claims to the extent they are brought under 12 U.S.C. § 504 and 18 U.S.C. § 1344 are not." (Order at 4.)

In light of the convoluted facts of this case, however, there may indeed be an opportunity to cure the pleading. Thus, the Court deems it appropriate to grant leave to amend the Complaint within thirty days.

Accordingly, the Court grants the motion for reconsideration.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   2:23-cv-07951-JVS-MAR                         Date   January 8, 2024

Title      Holly Arlena Vaughan v. Flagstar Bancorp, Inc.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion for reconsideration to the extent that Vaughan seeks leave to amend the Complaint. Vaughan is granted leave to amend her Complaint within thirty days. The Court finds that oral argument would not be helpful in this matter. Fed. R. Civ. P. 78; L.R. 7-15. Accordingly, the Court VACATES the January 22, 2024, hearing.

**IT IS SO ORDERED.**